IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>            Defendant. | No. CV-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT ON GROUND OF VIOLATION OF FOURTH AMENDMENT RIGHT |

Defendant moves to dismiss those counts of the Indictment in this action alleging violations of 18 U.S.C. § 924(c) on the ground that he did not receive a probable cause determination by a judicial officer within 48 hours of his warrantless arrest by Medford police on September 21, 1995.[1]

---

[1] Because defendant has not previously raised this issue, he concedes that he is not entitled to dismissal of those counts which charged him with armed bank robbery because defendant's conviction of those counts has been affirmed on appeal and are final.

Oral argument of this motion was heard on March 21, 2005 before Judge Coyle and taken under submission. Subsequently, this action was assigned from the docket of Judge Coyle to the docket of Judge Wanger. All of the pleadings relevant to this motion and a

1

The record establishes that defendant was arrested without an arrest warrant for armed bank robbery in Oregon by officers of the Medford Police Department on September 21, 1995. Defendant asserts that the state charges were dismissed on September 22, 1995, "pending further [federal] proceedings."[2] Attached to defendant's motion is a document captioned "PROSPECTIVE STATUS", represented by defendant to be a report of FBI Special Agent Jeffrey Grey, which states:

> On September 22, 1995, Assistant United States Attorney FRANK R. PAPAGNI, JR., Eugene, Oregon was advised of the facts of this matter. AUSA PAPAGNI authorized Armed Bank Robbery and Use of a Firearm During a Federal Crime of Violence charges.

Defendant also submits page 7 of a Medford Police Department Narrative, in which it is stated in pertinent part:

> ACTION RECOMMENDED:
>
> On 092295 in the early morning hours, I and FBI Agent Grey will contact suspect Arnett who is lodged at the Jackson County Jail. Additional statements will be asked of Arnett concerning details of robberies in California, to included burglaries, stolen vehicles, and kidnappings.

On September 29, 1995, defendant was arrested pursuant to a federal arrest warrant based on a federal criminal complaint issued by Magistrate Judge Cooney in the District of Oregon and taken into federal custody. On October 6, 1995, Magistrate Judge

---

transcript of oral argument have been reviewed.

[2] Defendant submits no document substantiating that the state charges were dismissed on September 22, 1995 "pending further [federal] proceedings."

2

1  Cooney conducted a preliminary hearing, finding probable cause to
2  bind defendant over for the federal grand jury.  On October 19,
3  1995, an Indictment in the District of Oregon was filed.  The
4  Indictment for different bank robberies in the Eastern District
5  of California was filed on October 26, 1995 and a federal arrest
6  warrant issued for defendant's arrest on the same date.
7  Defendant has offered no evidence of improper cooperation or
8  collusion between state and federal authorities in the detention,
9  arrest, and charging of defendant in the Oregon and California
10 cases.

11      In <u>Gerstein v. Pugh</u>, 420 U.S. 103, 114 (1975), the Supreme
12 Court held that "the Fourth Amendment requires a judicial
13 determination of probable cause as a prerequisite to extended
14 restraint of liberty following arrest."  When an arrest has been
15 made subject to a warrant, a judicial determination of probable
16 cause has already been made as a prerequisite to obtaining the
17 arrest warrant.  In the case of warrantless arrests, however,
18 there has been no pre-arrest probable cause determination by a
19 judicial officer.  In such cases, the Supreme Court has held that
20 to detain the suspect pending further proceedings, the government
21 must obtain - within 48 hours of the arrest - a probable cause
22 determination by a judicial officer. <u>County of Riverside v.</u>
23 <u>McLaughlin</u>, 500 U.S. 44, 56 (1991).  If the arrested person does
24 not receive a probable cause determination within 48 hours, "the
25 burden shifts to the government to demonstrate the existence of a
26 bona fide emergency or other extraordinary circumstance"

1 justifying the delay. Id. at 57.

2 　　In opposing defendant's motion, the United States measures
3 the 48 hour period from the date of defendant's arrest on the
4 federal arrest warrant, contending:

> [D]efendant's federal arrest in the District
> of Oregon was pursuant to an arrest warrant
> issued upon a complaint and his federal
> arrest in the Eastern District of California
> was pursuant to an arrest warrant issued upon
> a grand jury indictment - i.e., no further
> 'Gerstein' probable cause hearing was
> required.
>
> The defendant was also taken before the
> federal magistrate judge in the District of
> Oregon for his initial appearance on the same
> day that he was arrested on the federal
> arrest warrant, so there was no delay in
> taking him before the federal magistrate
> judge for his initial appearance, much less
> any unreasonable delay.

14 　　In arguing that the 48-hour period runs from the issuance of
15 the federal arrest warrant, the United States refers to United
16 States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994).

17 　　In Alvarez-Sanchez the Supreme Court held that a duty to
18 bring an individual before a federal magistrate for purposes of
19 18 U.S.C. § 3501(c) does not arise until the individual has been
20 arrested for a federal offense.[3] Even if the arresting law

---

[3]18 U.S.C. § 3501 pertains to the admissibility of confessions. Section 3501(c) provides in pertinent part:

> In any criminal prosecution by the United
> States ..., a confession made or given by a
> person who is a defendant therein, while such
> person was under arrest or other detention in
> the custody of any law-enforcement officer or
> law enforcement agency, shall not be
> inadmissible solely because of delay in

4

1  enforcement officer believes federal offenses may have been
2  committed, when a subject is arrested and held only on state
3  charges, the provisions of § 3501(c) are not triggered.  Id., at
4  358.  It is unclear that this holding applies to a claim that the
5  right under the Fourth Amendment to a probable cause
6  determination within 48 hours of a warrantless arrest articulated
7  by the Supreme Court in McLaughlin.  The Supreme Court in
8  Alvarez-Sanchez refused to address the claim that a confession
9  obtained during an ongoing violation of his Fourth Amendment
10 right to a prompt determination of probable cause set forth in
11 Gerstein and McLaughlin had been violated because the issue had
12 not been raised below.  511 U.S. at 360 n.5.  In United States v.
13 Fullerton, 187 F.3d 587 (6th Cir. 1999), cert. denied, 528 U.S.
14 1127 (2000), the Sixth Circuit addressed a situation in which a
15 defendant was in state custody following a warrantless arrest for

> bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States ... if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or detention; *Provided*, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.

72 hours before being transferred to federal custody.  The Sixth Circuit stated in pertinent part:

> In his motion to clarify his statement during oral argument, the Assistant United States Attorney attempted to distinguish this case from <u>McLaughlin</u> by stating that Fullerton was held on local charges until September 26, then transferred into federal custody and afforded an initial appearance within twenty-four hours.  Therefore, he argues, there was no deficiency in the arrest or the timing of the initial appearance on federal charges. We find the Assistant United States Attorney's argument to be disingenuous ... [H]is argument appears to be based on <u>United States v. Alvarez-Sanchez</u>, which held that 18 U.S.C. § 3501(c), governing the admissibility of custodial confessions in federal trials despite delay in presentment, does not apply if the suspect is arrested initially on local charges and held in local custody before federal charges are filed ... We can easily distinguish <u>Alvarez-Sanchez</u> from the case at hand because <u>Alvarez-Sanchez</u> discusses § 3501(c), not <u>McLaughlin</u>.  Furthermore, § 3501(c) applies only to people arrested for violating federal laws ..., whereas <u>McLaughlin</u> sets forth a Fourth Amendment violation ... which through the Fourteenth Amendment would apply equally to people arrested on state or local charges.

187 F.3d at 590 n. 2.

Rule 5(a)(1)(A), Federal Rules of Criminal Procedure, provides in pertinent part that "[a] person making an arrest ... must take the defendant without unnecessary delay before a magistrate judge ...."  In <u>United States v. Michaud</u>, 268 F.3d 728 (9th Cir. 2001), <u>cert. denied</u>, 537 U.S. 867 (2002), the Ninth Circuit addressed whether a confession should be suppressed because of a claim that state law enforcement officials colluded

6

with federal agents to delay bringing her before a federal magistrate, thereby violating Section 3501 and Rule 5(a). In a footnote, the Ninth Circuit, citing McLaughlin, stated:

> ... Although the state police did not comply with their constitutional duty to bring Michaud before a magistrate with 48 hours of her arrest, *see County of Riverside v. McLaughlin* ..., this delay cannot be attributed to the federal agents and considered for purposes of § 3501(c) absent evidence of collusion ....

268 F.3d at 734 n.2. This statement suggests that McLaughlin is not considered by the Ninth Circuit to be separate from the requirements of Rule 5(a) and Section 3501 in the absence of admissible and material evidence of collusion between the state and federal law enforcement officials. The 48 hour period set forth in McLaughlin runs from the date of defendant's federal arrest, not while he was in state custody before any federal charges were filed.[4] Defendant does not assert nor offer evidence that there was collusion between the state and federal officers.

Defendant's assertion that the state bank robbery charges for which he was arrested were dismissed the day after that arrest, implying that he was detained in the Medford jail for seven days in the absence of an arrest warrant, state or federal, is unsupported by any evidence in the record.

---

[4] It is noted that the First Circuit in United States v. Encarnacion, 239 F.3d 395, 398 n.2 (1st Cir. 2001), rejected the argument that Rule 5(a) incorporates the Fourth Amendment's requirement of prompt determination of probable cause.

7

The Government further argues that any delay in obtaining a probable cause determination with regard to the federal charges brought in the District of Oregon has no bearing on the federal charges in the Eastern District of California. Defendant was not arrested or detained by state or federal authorities in Oregon because of crimes allegedly committed by defendant in the Eastern District of California. He was arrested and detained in Oregon because he had committed a bank robbery in Oregon. He was eventually arrested on federal charges and tried and convicted in the Oregon District Court of those charges. Defendant cannot contest his conviction in the Oregon District Court on the ground that his Fourth Amendment rights under McLaughlin were violated in this case.

Defendant was arrested on the charges brought in the Eastern District of California following the issuance of an arrest warrant upon indictment in the Eastern District of California.

Defendant argues that, because the FBI questioned him on approximately September 22, 1995 about details of robberies in California to which he had confessed, he was being detained in Oregon on both the Oregon and the California federal charges and, therefore, a probable cause determination had to be made within 48 hours of his detention with respect to the crimes committed in the Eastern District of California.

There is authority that a prolonged detention without a probable cause determination attempted to be justified because of investigation into other crimes that the person arrested without

8

a warrant may have committed is not considered "an emergency or other extraordinary circumstance" under McLaughlin. Anderson v. Calderon, supra, 232 F.3d at 1070. However, defendant's claim of a McLaughlin violation had to be made in the District of Oregon. Defendant cannot base a McLaughlin violation in the criminal action in the Eastern District of California on the fact that federal law enforcement officials also had information that defendant had committed other crimes in the Eastern District of California and were investigating that information while he was detained in Oregon.

Consequently, defendant has not established that his Fourth Amendment right under McLaughlin was violated in this criminal action.

Finally, even if arguendo, defendant's Fourth Amendment right was violated with respect to the charges brought in the Eastern District of California, defendant is not entitled to dismissal of the counts alleging violation of Section 924(c). In Gerstein, the Supreme Court held:

> In holding that the prosecutor's assessment of probable cause is not sufficient alone to justify restraint of liberty pending trial, we do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute. Instead, we adhere to the Court's prior holding that a judicial hearing is not prerequisite to prosecution by information ... Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction ... [A]lthough a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the

9

>     defendant was detained pending trial without
>     a determination of probable cause.

420 U.S. at 118-119.  See also United States v. Daniels, 64 F.3d 311, 314-315 (9th Cir. 1995).  In Anderson v. Calderon, 232 F.3d 1053, 1071 (9th Cir. 2000), cert. denied, 534 U.S. 1036 (2001), the Ninth Circuit held that the appropriate remedy for a violation of McLaughlin "is the exclusion of the evidence in question - if it was 'fruit of the poisonous tree.'" However, a delay in obtaining a probable cause determination under the Fourth Amendment does not automatically require suppression.  Id. See also  United States v. Garcia-Echaverria, 374 F.3d 440, 452 n. 17 (6th Cir. 2004)(addressing a Rule 5(c) violation, expressing uncertainty as to the extent to which McLaughlin and a Rule 5(c) violation overlap, and observing that dismissal is not required, citing United States v. Fullerton, 187 F.3d 587, 590-92 (6th Cir. 1999)).[5]

For all these reasons, defendant's motion to dismiss the Section 924(c) counts alleged in the Indictment is DENIED.

IT IS SO ORDERED.

**Dated:   May 10, 2005**              /s/ Oliver W. Wanger
emm0d6                                 UNITED STATES DISTRICT JUDGE

---

[5] Defendant's reliance on United States v. Bueno-Vargas, 383 F.3d 1104 (9th Cir. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1098 (2005) is unavailing.  Nowhere in that decision does the Ninth Circuit even discuss whether dismissal of an indictment is an appropriate remedy for a violation of the Fourth Amendment right recognized in McLaughlin; it addresses the weekend fax procedures used for the issuance of complaints in the Southern District of California which utilizes a declaration under penalty of perjury to attest probable cause.

10