IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION IN LIMINE TO EXCLUDE |
| Plaintiff, | ) | TESTIMONY OF DIANE CAROL |
| | ) | DeROSA FROM DEFENDANT'S |
| vs. | ) | TRIAL (Doc. 408) |
| | ) | |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant seeks an order excluding the testimony of Diane Carol DeRosa based on the "marital communication" privilege. In support of this motion is filed defendant's declaration in which he avers:

> (2) Diane and I first started living together in 1994 as common-law husband and wife, under California law, before any of the bank robberies occurred in California. We were also officially married in Stanislaus County on May 28, 2995 [sic];
>
> (3) While I was being held in the Federal Detention Center in Sheridan, Oregon, I requested dissolution of marriage from the Stanislaus County Court Clerk. Our divorce became final in August of 1996;
>
> (4) I have never discussed with Diane the details of the bank robberies in California after we were divorced, or admitted to her that I committed these bank robberies, only matters generally of what was happening in

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

>                 court, rulings, family matters, prison life,
>                 Diane's job and her mental problems;
>
>                 (5) SA Todd Irinaga's investigation report
>                 that I discussed with Diane the details of
>                 the bank robberies in California, after we
>                 were divorced, is completely false, including
>                 any implications that I also admitted to her
>                 at this same time that I committed these bank
>                 robberies.

In his brief in support of this motion in limine, defendant asserts:

>                 On July 16, 1997, after an argument between
>                 Diane and the defendant, Diane and her then
>                 boyfriend and now husband Rick DeRosa lodged
>                 a complaint with FBI SA Todd M. Irinaga.  In
>                 his FBI Investigation Report, SA Irinaga
>                 alleged, in pertinent part: 'During the time
>                 period of August 1996 to February 1997
>                 [Defendant] would discuss and reiterate with
>                 DIANE in detail the crimes he committed and
>                 was charged with in the Eastern District of
>                 California.'

Defendant contends that this statement in SA Irinaga's report is false and that he "never <u>discussed</u> the details of any of the robberies with Diane while they were married or even after they were divorced."   Defendant then contends that "[a]ll communications made by defendant to Diane Arnett-DeRosa, in respect to the bank robberies in California, during their marriage was intended to be confidential communications between them and is privileged marital communications that must be excluded from defendant's trial."

   This motion is denied.  The reasons stated herein are intended to amplify the reasons for denying this motion stated in open court on July 11, 2005.

2

The United States represents that Diane DeRosa is expected to testify to defendant's admissions to her regarding his committing the charged bank robberies after her divorce from the defendant became final on August 15, 1996.   In <u>Volianitis v. I.N.S.</u>, 352 F.2d 766, 768 (9th Cir. 1965), the Ninth Circuit, relying on <u>Pereira v. United States</u>, 347 U.S. 1 (1954), held:

> It is the generally accepted rule that divorce removes any bar of incompetency ... The Pereira case also stands for the proposition that divorce does not terminate the privilege for confidential communications between the spouses and that the scope of the privilege extends only to utterances during the existence of the marital relationship and not to acts or to utterances made prior or subsequent to the marriage.

Based on the representation of the United States, the contested statements were made after the divorce was final and, therefore, are not privileged.  That defendant contends that he never made the statements is not a matter of privilege but a matter of cross-examination.

Dated: ___July 14, , 2005

/s/ OLIVER W. WANGER

OLIVER W. WANGER

UNITED STATES DISTRICT JUDGE

3