IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION IN LIMINE TO EXCLUDE |
| Plaintiff, | ) | ANY IN-COURT IDENTIFICATION |
| | ) | OF DEFENDANT OR OF THE |
| vs. | ) | FIREARM (Doc. 400) |
| | ) | |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Defendant moves the court for an order excluding any

       in-court identification of defendant, or of
       defendant by his blue eyes, or of the firearm
       without first conducting an in-court lineup
       or photo array of defendant and others with
       blue eyes in a ski mask, and multiple sawed-
       off shotguns or short-barreled shotguns and
       rifles, in the presence of the jury to
       minimize the inherently suggestive
       identification that would result otherwise;
       or alternatively, conduct a <u>Carbajal</u> like
       inquiry of the record, outside the presence
       of the jury, to determine whether each
       witness has an adequate and independent
       recollection before the witnesses'
       identification is made in the presence of the
       jury.

1  Defendant contends that no formal identification procedure
2 has ever been conducted by the police or the Government,
3 requiring the witnesses "in the forthcoming trial" to identify
4 defendant "solely by his blue eyes, or to identify the firearm".
5 Defendant further contends that in the police reports taken on
6 the day of the robbery "not one of the government witnesses
7 identified defendant as the bank robber, identified him by his
8 blue eyes through a ski mask, or identified the firearm as a
9 double-barreled .410 shotgun made by Crescent Firearms."
10 Defendant asserts that "their identifications on these three
11 factors vary widely and inconclusively".  Defendant further
12 contends:

> [A]t defendant's prior trial one bank teller
> said she recognized defendant solely by his
> blue eyes, where he was the only one seated
> at the defense table, and at the time of the
> bank robbery - four years earlier - the
> robber had been wearing a ski mask.  Another
> bank teller did not identify defendant on the
> date of the bank robbery, but made a much
> later report to the FBI that she now
> recognized defendant as the bank robber from
> a picture in her church directory.  Her
> supplemental identification did not come
> until five months after the bank robbery when
> the local newspaper ran an article naming
> defendant as the bank robber because of his
> confession.  And every witness at defendant's
> prior trial testified that the only firearm
> present on the evidence table was the firearm
> used in the bank robbery.

23  This motion is denied.  The reasons stated herein are
24 intended to amplify the reasons for denying this motion stated in
25 open court on July 11-12, 2005.

2

In <u>United States v. Williams</u>, 436 F.2d 1166, 1168-1169 (9th Cir. 1970), <u>cert. denied</u>, 402 U.S. 912 (1971), the Ninth Circuit held that a decision to conduct an in-court lineup is within the trial court's discretion:

> In cases such as this, where the question of guilt or innocence hangs entirely on the reliability and accuracy of an in-court identification, the identification procedure should be as lacking in inherent suggestiveness as possible. Yet that is often not the case. When asked to point to the robber, an identification witness - particularly if he has some familiarity with courtroom procedure - is quite likely to look immediately at the counsel table, where the defendant is conspicuously seated in relative isolation. Thus the usual physical setting of a trial may itself provide a suggestive setting for an eyewitness identification.
>
> Because of such potential suggestiveness, some trial judges have granted defense requests to place the defendant in an in-court lineup, or to seat the defendant in the courtroom audience, before and during the testimony of the prosecution's identification witnesses ... Such arrangements are desirable efforts to ensure fair trials. But we cannot find any support for the assertion that a defendant has a right to such an arrangement whenever he requests it. Like the seating arrangement for prospective witnesses ..., the procedure for in-court eyewitness identification is left to the trial judge's discretion. Absent abuse of that discretion resulting in procedure "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to amount to a denial of due process of law ..., we should not question the trial judge's ruling.

"There is no constitutional entitlement to an in-court line-up or other particular method of lessening the suggestiveness of an in-court identification ...." <u>United States v. Domina</u>, 784 F.2d

3

1361, 1369 (9th Cir. 1986). "As long as the witness has an independent recollection that is wholly untainted by the police misconduct, an in-court identification is permissible." United States v. Lumitap, 111 F.3d 81, 85 n.4 (9th Cir. 1997).

The record in this action demonstrates that the in-court identifications of defendant by Kelly D. Canepa and Karen Guthrie of defendant in the first trial were based on their independent recollection untainted by police misconduct. Consequently, defendant's motion for an in-court lineup with respect to these witnesses is denied.

Because defendant's motion for an in-court lineup is denied, defendant, asserting that "because there has been 'prior identifications' of defendant by at least two witnesses and the firearm by every witness in the prior trial", argues that the court must examine every witness to determine if each witness has an adequate independent recollection.

In United States v. Dixon, 201 F.3d 1223 (9th Cir. 2000). In Dixon, the Ninth Circuit affirmed the district court's decision to admit in-court identification testimony:

> In the case at bar, however, the motion did not suggest the existence of any problem resulting from any prior identification. No allegation of either police misconduct or other source of contaminated identification was brought to the attention of the district court in connection with the motion to exclude and/or for an in-court lineup. Under these circumstances, the court was not presented with any specified need to examine the witnesses to see if they had an adequate independent recollection. The motion did not state that there were any prior

4

|   |   |
|---|---|
| 1 |           identifications or that the subsequent in-court identifications might be tainted thereby.  If a district court is not advised of a source that might taint a witness's identification of a defendant, there is no obligation to examine that witness to see if the nonexistent source adversely affected the witness's testimony.  Thus, we are guided by the Supreme Court's admonition that the 'proper evaluation of [identification] evidence under the instructions of the trial judge is the very task our system must assume juries can perform.' .... |

201 F.3d at 1229-1230.

    Because defendant has not demonstrated that the in-court identifications were tainted by police misconduct or other sources, the jury will make the proper evaluation of the identification evidence.

    Defendant's request for an in-court line up of the firearm is denied.  However, the United States is ordered to keep the firearm from the view of the witnesses during trial except when necessary for the examination of the respective witnesses.

Dated: July 14, 2005

                                __/s/ OLIVER W. WANGER

                                OLIVER W. WANGER

                                UNITED STATES DISTRICT JUDGE