IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>              Defendant. | No. CR-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TWENTY-THREE .410 SHOTGUN SHELLS AND THEIR WINCHESTER BOX WITHOUT PREJUDICE (Doc. 339) |

Defendant moves to exclude from introduction into evidence at trial twenty-three .410 shotgun shells and the Winchester box which contained them.

This motion in limine is denied without prejudice. The reasons stated herein are intended to amplify the reasons for denying this motion stated in open court on July 11, 2005

Seized from defendant's backpack following his arrest in Medford, Oregon were twenty-three .410 shotgun shells and the Winchester box which contained them. This evidence was admitted at the trial in the District of Oregon and in the first trial in

1

1 this court, for the purpose of proving that the Crescent firearm
2 allegedly used by defendant during the course of the armed bank
3 robberies is a .410 caliber.
4   Defendant argues that this evidence should be excluded
5 because the probative value is substantially outweighed by the
6 danger of undue prejudice, confusion of the issues, waste of time
7 and a needless presentation of cumulative evidence.
8   Defendant asserts that in none of the bank robberies "did
9 defendant ever fire the shotgun or verbally threaten to fire the
10 weapon at anyone, and no witness in his or her police report or
11 prior trial testimony has ever alleged or testified that they saw
12 any shotgun shells or box."  Defendant argues that the Government
13 is not seeking to admit this evidence to prove that the shotgun
14 is a .410 caliber shotgun but "to mislead the jury to believe
15 that defendant was loaded to shot bear during all of the
16 California bank robberies."  Defendant argues that this inference
17 unfairly prejudices him because it creates an undue tendency that
18 the jury will convict him on an improper "emotional" basis.
19 Defendant further argues that "these modern shotgun shells" will
20 confuse the issues and mislead the jury where the defendant is
21 asserting the affirmative defense that the shotgun was made in or
22 before 1898.  Defendant contends that the modern shotgun shells
23 "unduly suggest that the Crescent firearm in this case is also
24 modern".  Defendant asserts:
25      Many very old handguns and shotguns use
      modern ammunition, e.g., a 1867 Navy Colt .45
26      Cal. revolver uses modern .45 Cal.

2

>           ammunition, but no responsible firearms
>           expert would misrepresent that this revolver
>           was made after 1898.  Hence, the modern
>           shotgun shells and their box unfairly
>           prejudice defendant in effectively
>           maintaining his defense.

Finally, defendant contends, he has never contested that the shotgun was anything other than a .410 caliber shotgun and is willing to stipulate to this fact, if need be.[1]

    Exclusion of this evidence under Rule 403's balancing is not required.  The presence of the .410 shotgun ammunition shows that defendant was familiar with the shotgun and was using an operable shotgun in the robberies.  This evidence is not inflammatory and that its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant.  Defendant's contention that the evidence will undermine his defense that the shotgun is an antique is no basis for excluding the evidence under Rule 403.  His contention that the evidence is not probative that the shotgun is not an antique is a question for the jury based on disputed expert testimony.  His willingness to stipulate that the shotgun is .410 caliber does not forestall the

---

[1] At the hearing on July 11, 2005, defendant represented that this evidence should be excluded because it was seized from his backpack following his arrest for the Oregon bank robbery and there is no evidence that defendant had the shells at the times of the California bank robberies.  However, the shotgun shells are relevant to establish that the firearm was operable.  Defendant further represented at the hearing on July 11 that the evidence should be excluded because he did not own the shotgun shells and the shotgun shells came from another state.  These assertions, made for the first time at the hearing on July 11, do not negate the relevance of this evidence or establish that the relevance is substantially outweighed by its probative value.

admission of this evidence because the United States is entitled to establish that the firearm was operable and that he was familiar with the shotgun.

However, the denial of this motion in limine is without prejudice to its renewal as evidence is developed at trial.

Dated: _July15, 2005

                                      __/s/ OLIVER W. WANGER
                                          OLIVER W. WANGER
                                  UNITED STATES DISTRICT JUDGE