IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>　　　　　　Defendant. | No. CR-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT, IN PART, BECAUSE IT FAILS TO INVOKE COURT'S JURISDICTION (Doc. 430) |

　　Defendant contends that Counts 2, 4, 6, 8, 10 and 12 of the Indictment, charging violations of 18 U.S.C. § 924(c) must be dismissed for lack of jurisdiction because Counts 1, 3, 5, 7, 9 and 11 charged that defendant robbed banks "the <u>accounts</u> of which were then and there insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a). [Emphasis added]  Section 2113(f) defines the term "bank" in pertinent part as "any institution the <u>deposits</u> of which are insured by the Federal Deposit Insurance Corporation". [Emphasis added] Defendant argues that, because the Section

1

924(c) counts allege that defendant used and carried a firearm "during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, that is armed bank robbery, as alleged in Count One [Three, Five, Seven, Nine] above, which is incorporated herein by reference", the failure of the Indictment to properly allege the requirement that the deposits be insured by the FDIC, means that the Section 924(c) counts do not properly allege this court's jurisdiction and the Section 924(c) counts must be dismissed for lack of jurisdiction. Defendant cites no authority for this proposition and presents no analysis other than that set forth above.

Defendant's motion to dismiss is denied.  The reasons stated herein are intended to amplify the reasons for denying this motion stated in open court on July 12, 2005

In <u>United States v. McNeal</u>, 865 F.2d 1167 (10th Cir.), <u>cert. denied</u>, 490 U.S. 1094 (1989), defendant moved to dismiss an indictment alleging that the "deposits" of a credit union are insured by the National Credit Union Administration even though Section 2113(h) defined the term "credit union" to include a state-chartered credit union the "accounts" of which are insured by the NCUA.  In rejecting defendant's argument, the Tenth Circuit held:

> Appellant has not drawn our attention to any case holding that an allegation in an indictment that a state-chartered credit union had its 'deposits' - as opposed to 'accounts' - insured by the National Credit Union Administration is such a departure from the statute as to render an indictment

2

> subject to a motion to dismiss for failing to charge a crime. An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, secondly, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense ... Although it is quite true that the statute refers to a bank's 'deposits,' and a credit union's 'accounts,' we decline to hold that referring to a credit union's 'deposits,' instead of 'accounts,' is fatal.
>
> In <u>United States v. Janoe</u>, 720 F.2d 1156 (10th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1036 ... (1984), the indictment alleged that the insuring agency was the Federal Deposit Insurance Company (FDIC), when it should have been described as the Federal Savings and Loan Insurance Corporation (FSLIC) ... There we held that notwithstanding the erroneous reference to FDIC, the indictment specifically informed the defendant of the nature of the alleged offense and the statutory violation charged, and that the erroneous reference did not subject the defendant to the possibility of double jeopardy ... In the instant case, although there is a technical difference between a bank 'deposit' and a credit union 'account,' each represents money given by one to another, for the benefit and use of the former at his direction. Therefore, the indictment in the present case was sufficient.

865 F.2d at 1169-1170. <u>Accord</u> <u>Lewis v. United States</u>, 1996 WL 117254 at 3 (7th Cir. 1996). <u>See also</u> <u>United States v. Davis</u>, 103 F.3d 660, 674-677 (8th Cir. 1997), <u>cert. denied</u>, 520 U.S. 1258 (1997)(indictment incorrectly alleging that bank's deposits insured by NCUA instead of FDIC not subject to dismissal for jurisdictional defect because indictment informed defendant of the nature of the offense alleged, the statutory violations

3

involved, and that a federal agency insured the funds of the bank).

Dated:   __JULY 15, 2005

                                         _/s/ OLIVER W. WANGER

                                            OLIVER W. WANGER
                                      UNITED STATES DISTRICT JUDGE