IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
|---|---|---|
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION IN LIMINE TO EXCLUDE |
| Plaintiff, | ) | REDACTED JUDGMENT AND |
| | ) | COMMITMENT FROM TRIAL AS A |
| vs. | ) | RESULT OF THE FIRST TRIAL |
| | ) | (Doc. 401) |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant moves to preclude the Government from introducing a redacted Judgment of defendant's convictions of the seven bank robberies in March, 1998 to prove the "crime of violence" element of 18 U.S.C. § 924(c).

This motion is denied. The reasons stated herein are intended to amplify the reasons for denying this motion stated in open court on July 12, 2005.

Section 924(c)(1)(A) provides in pertinent part that

> Except to the extent that a greater minimum
> sentence is otherwise provided by this
> subsection or by any other provision of law,

1

> any person who, during and in relation to any crime of violence ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence ....

be sentenced as set forth in Section 924(c). 9th Cir.Crim.Jury Instr. 8.65 (2003) sets forth the elements for a violation of Section 924(c)(1)(A):

> ...
>
> ... In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant committed of [e.g. murder] [as charged in Count ___ of the indictment];
>
> Second, the defendant knowingly [used] [carried] [possessed] [brandished] [discharged] a [_firearm_]; and
>
> Third, the defendant [used] [carried] [possessed] [brandished] [discharged] the [_firearm_] during and in relation to the crime.
>
> ...

Defendant notes that the use or carrying of a firearm during a crime of violence is a separate offense from that of the crime of violence, see United States v. Dixon, 558 F.2d 919, 921 (9th Cir. 1977), and that each Section 924(c) count must be supported by a separate predicate offense. See United States v. Smith, 924 F.2d 889, 894-895 (9th Cir. 1991). Defendant also refers to the Comment on Instruction 8.65:

> If the crime of violence is not charged in

2

|   |   |
|---|---|
| 1 | > the same indictment, the elements of the crime must also be listed and the jury must be instructed that each element must be proved beyond a reasonable doubt. <u>See</u> <u>United States v. Mendoza</u>, 11 F.3d 126 (9th Cir. 1993). |

Therefore, defendant contends, the Government must prove the elements of Section 924(c) and the elements of the bank robbery counts before the Government is entitled to a conviction of the Section 924(c) counts.

In <u>Mendoza</u>, the Ninth Circuit decision cited in the Comment on the instruction, the Ninth Circuit held that, because the prosecution has the burden of proving every element of a crime beyond a reasonable doubt

> when a trial judge omits an element of the offense charged from the jury instructions, it deprives the jury of its fact-finding duty and violates the defendant's due process rights ... This court has expressly held that '[t]he relation between the firearm and the underlying offense is an essential element of the crime ....' ... Therefore, failure to instruct upon it is constitutional error.

11 F.3d at 128. Therefore, <u>Mendoza</u> does not provide authority for defendant's assertion that the Government is again required to provide evidence of every element of the crimes of armed bank robbery of which defendant has been convicted. The Government has to prove that defendant committed the crimes of violence, i.e., the armed bank robberies, but nothing in <u>Mendoza</u> precludes admission of the redacted Judgment as evidence that he did so.

Defendant further argues that he has a Fifth and Sixth Amendment right to a "retrial de novo of the facts alleged in

support of each predicate offense for the Section 924(c) counts."

In <u>United States v. Pelullo</u>, 14 F.3d 881 (3rd Cir. 1994), the defendant was convicted of 49 counts of wire fraud and one count of racketeering. On appeal, the Third Circuit affirmed the conviction of wire fraud in Count 54 but reversed defendant's convictions on all other counts and remanded the case for retrial. Defendant was retried on 48 counts of wire fraud and one count of RICO. During the retrial the district court admitted the judgment of conviction on Count 54 into evidence for the purpose of proving the RICO count. The district court then instructed the jury that "as a matter of law, the defendant has committed the wire fraud offense described in Racketeering Act 60. That means you don't have to consider whether the government has proved this offense." On appeal, it was argued that the admission of the judgment of conviction on Count 54 was error and that, even if the judgment was properly admitted into evidence, the district court erred in applying the judgment against defendant as res judicata or collateral estoppel to establish as a matter of law an element of the RICO offense.[1] Concerning the admission of the judgment of conviction into evidence, the Third

---

[1] The Ninth Circuit in <u>United States v. Arnett</u>, 353 F.3d 765 (9th Cir. 2003), held that "[i]n federal criminal trials, the United States may not use collateral estoppel to establish, as a matter of law, an element of an offense or to conclusively rebut an affirmative defense on which the Government bears the burden of proof beyond a reasonable doubt." Therefore, the discussion in <u>Pelullo</u> concerning collateral estoppel is not relevant to the resolution of this motion in limine because the United States cannot rely on the doctrine in establishing the "crime of violence" element of the Section 924(c) counts.

4

Circuit held in pertinent part:

> Pelullo does not argue that the judgment of conviction on Count 54 is irrelevant to the RICO count.  He recognizes that courts have accepted the position that prior convictions are admissible to show predicate acts in a RICO prosecution ....
>
> Rather, Pelullo argues that '[a]lthough the conduct underlying a prior conviction may serve as a predicate act in a subsequent RICO prosecution, there is no legal authority that the government may present evidence of the actual judgment of conviction from a previous jury trial on the same indictment.' ... The essence of his position is that it is too prejudicial to a defendant to admit this evidence because the judgment of conviction comes from the same indictment as the jury presently has before it for resolution.  In effect, this is an argument under Rule 403 of the Federal Rules of Evidence, that the defendant is being unfairly prejudiced by evidence which is admittedly relevant.
>
> Rule 403 states that '[relevant] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.' ... This language places the decision to exclude such evidence within the sound discretion of the district court.  We review the decision of the district court only for abuse of discretion ....
>
> In making a Rule 403 determination, the district court is required to balance the probative value against the prejudicial effect.  The district court 'must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant.' ....
>
> The district court did acknowledge the potential prejudicial effect of admitting the judgment of conviction on Count 54, and undertook some precautionary steps to reduce that effect ... However, the district court did not consider the value of the conviction for the government and the relatively slight burden for the government to reprove the

| | |
|---|---|
| 1 | facts upon which the judgment of conviction was based.  We observe that even though the |
| 2 | judgment of conviction on Count 54 was admitted into evidence and given preclusive |
| 3 | effect by the ruling of the district court, the government was nevertheless allowed at |
| 4 | retrial to prove once again the facts underlying Count 54.  Moreover, when the |
| 5 | government introduced the evidence relating to Count 54, thus unilaterally nullifying the |
| 6 | agreed upon precautionary measures, the district court accepted the evidence without |
| 7 | conducting any further balancing analysis. It is thus unclear whether the district court |
| 8 | gave adequate consideration to the defendant's claim of prejudice. |

              It is clear that the district court had before it a question of admissibility pursuant to Fed.R.Evid. 402.  The district court did not engage in the balancing of appropriate factors which is a prerequisite to the admission of evidence under the rule. On remand the district court should conduct a balancing analysis, and state its reasons on the record for admitting or excluding the judgment of conviction.

14 F.3d at 888-889.

    Defendant argues that the probative value of the redacted judgment of his conviction of the armed bank robberies is substantially outweighed by the danger of unfair prejudice to him because it will deprive him of his right to a jury determination:

        [T]o inform the instant jury that defendant has suffered a prior conviction by a competent jury on the same bank robberies that form the basis for the predicate acts for the instant section 924(c) counts, which constitute more than half of the elements of the offense, would weigh too much with the jury's <u>de novo</u> independent fact-finding as to persuade them, and unfairly prejudice and deny him a fair opportunity to defend against the current, distinct and separate offenses. Hence, defendant submits that a redacted Judgment and Commitment should be excluded.

6

Defendant also refers the court to <u>Old Chief v. United States</u>, 519 U.S. 172 (1997).

<u>Old Chief</u> involved a prosecution of an alleged felon for firearm possession in violation of 18 U.S.C. § 922(g)(1).  At trial the defendant had offered to stipulate that he had been convicted of a crime punishable by a term of imprisonment exceeding one year and that the Government had proven one of the essential elements of the Section 922(g)(1) offense.  Defendant argued that this offer rendered any evidence of the name and nature of his prior offense inadmissible under Rule 403.  The Government argued that it was entitled to prove the case in its own way and the district court agreed, allowing the Government to introduce a record of defendant's prior conviction for assault resulting in serious bodily injury.  The Supreme Court reversed holding that, in general, if a defendant to a Section 922(g)(1) charge offers to concede the fact of a qualifying prior conviction, then under Rule 403, it is an abuse of discretion for the trial judge, in balancing the probative value against the danger of unfair prejudice, to spurn the defendant's offer and to admit the full record of the prior judgment of conviction, where (a) the name and nature of the prior offense raise the risk of a verdict tainted by improper considerations and the purpose for the Government's introduction of such evidence is solely to prove the element of the prior conviction.

Defendant focuses on the discussion in <u>Old Chief</u> concerning the probative value component of the Rule 403 analysis wherein

7

the Supreme Court noted that the availability of other means of proof is a factor in conducting the balancing required by Rule 403.  519 U.S. at 182-185.  Defendant argues:

> Here, the government will essentially prove its entire case all over again at this retrial because it is calling all the same witnesses and will introduce the same evidence again.  Even Assistant United States Attorney, Dawrence Rice, Jr., has repeatedly expressed his confident opinion that this is a 'simple case' which he will have no trouble in proving once again.  Thus, the value of a redacted Judgment and Commitment for the government, where there will be a relatively slight burden on the government to reprove the facts upon which the earlier judgment of conviction was based, in contrast to the substantial and unfair prejudice defendant will suffer, outweighs the probative value of the redacted Judgment and Commitment, justifying exclusion.

The United States responds that the probative value of the redacted Judgment is not substantially outweighed by undue prejudice to defendant:

> The 924(c) counts in this case are being retried nearly ten years after the underlying armed bank robberies were committed by the defendant and more than seven years after he was initially convicted.  Uncertainty as to the availability of evidence that the passage of time has created with respect to witnesses and their memories makes the probative value of evidence of the defendant's prior conviction of the underlying armed bank robberies not substantially outweighed by the danger of unfair prejudice.

Under the balancing required by Rule 403, defendant has not demonstrated that the probative value of admission of the redacted judgment is substantially outweighed by prejudice to him.  The redacted judgment is relevant evidence to establish an

element of the Section 924(c) counts.  Although this evidence is prejudicial to defendant, defendant does not have the right to mislead or confuse the jury by trying to prove that which is not a fact is a fact, i.e., that defendant has not previously been convicted of seven counts of armed bank robbery in the Eastern District at a particular time, which convictions have been affirmed on appeal and are final.  The redacted judgment will be a certified copy of the judgment of conviction showing the name of the defendant, the name of the crime, the date of conviction, and the court of conviction.  The redacted judgment will not refer to the  underlying indictment, facts or witnesses, or punishment.  The jury will not be instructed that the element of crime of violence has been established as a matter of law and will not be instructed on any presumptive or other evidentiary significance to ascribe to the redacted judgment except that it represents an indisputable fact of which the court takes judicial notice.  The jury still has a duty to consider and weigh all the evidence on whether the elements of the crime are proved beyond a reasonable doubt.  There will be no instruction of the legal significance, as a matter of law, on the effect of the prior convictions.[2]

---

[2]Defendant further argues that exclusion of the redacted Judgment is "justified" because admission of the redacted Judgment "would more than likely deprive defendant of an inconsistent verdict on the predicate offenses ...."  In making this argument, defendant is relying on cases upholding verdicts which found the defendant not guilty of the underlying crime of violence but found the defendant guilty of violating Section 924(c), the cases holding that an inconsistent jury verdict, without more, is not grounds for

If the court refuses to exclude the redacted Judgment from evidence, defendant requests "a bifurcated trial on the elements: all the elements of the predicate bank robberies to be decided by ... Judge ... Wanger and all the remaining elements of the Section 924(c)(1) counts by the jury." Defendant relies on Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254 (2005) as authority that defendant can waive his right to a jury on "the validity of his predicate offense."

Defendant acknowledges that a jury trial can only be waived if the waiver is in writing, the government consents, the court accepts the waiver, and the waiver is made knowingly, intelligently and voluntarily. However, defendant argues, Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254 (2005) provides authority that defendant can waive his right to a jury on "the validity of his predicate offense."

Shepard does not support defendant's request. In Shepard, the Supreme Court held that a sentencing court cannot look to police reports in making a "generic burglary" decision under the Armed Career Criminal Act (ACCA). The ACCA mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. The ACCA makes burglary a violent felony only if

---

reversal. See United States v. Bracy, 67 F.3d 1421, 1430 (9th Cir. 1995). However, defendant has no right to an "inconsistent" verdict and, therefore, cannot be prejudiced in this regard if the redacted Judgment is admitted in evidence.

10

committed in a building or enclosed space (generic burglary), not in a boat or motor vehicle.  In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court held that a court sentencing under the ACCA could look to statutory elements, charging documents, and jury instructions to determine whether an earlier conviction after trial was for generic burglary.  The issue before the Supreme Court in Shepard is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary in the context of judicial fact-finding in sentencng.  The Supreme Court held that it may not and that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.  125 S.Ct. at 1257.  In part, the Supreme Court explained that the holdings in Jones v. United States, 526 U.S. 227 (1999) and Apprendi v. New Jersey, 530 U.S. 466 (2000) that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury supported the conclusion in Shepard.  The Supreme Court stated:

> Instead, the sentencing judge considering the ACCA enhancement would (on the Government's view) make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea, and the dispute raises the concern underlying Jones and Apprendi:  the Sixth and

11

> Fourteenth Amendments guarantee a jury standing between a defendant and the power of the state, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence. While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to <u>Jones</u> and <u>Apprendi</u> to say that <u>Almendarez-Torres</u> clearly authorizes a judge to resolve the dispute. The role of reading statutes to avoid serious risks of unconstitutionality ... therefore counsels us to limit the scope of judicial factfinding on the disputed generic character of a prior plea just as <u>Taylor</u> constrained judicial findings about the generic implications of a jury's verdict.[5]
>
> [5]The dissent charges that our decision may portend the extension of <u>Apprendi</u> ... to proof of prior convictions, a move which (if it should occur) 'surely will do no favors for future defendant's in Shepard's shoes.' ... According to the dissent, the Government, bearing the burden of proving the defendant's prior burglaries to the jury, would then have the right to introduce evidence of those burglaries at trial, and so threaten severe prejudice to the defendant. It is up to the future to show whether the dissent is good prophesy, but the dissent's apprehensiveness can be resolved right now, for if the dissent turns out to be right that <u>Apprendi</u> will reach further, <u>any defendant who feels that the risk of prejudice is too high can waive the right to have a jury decide questions about his prior convictions</u>. [Emphasis added]

125 S.Ct. at 1262-1263. Defendant relies on the emphasized statement in the footnote as authority that he can waive his right to a jury on "the validity of his predicate offense." However, this statement in <u>Shepard</u> only implies that a defendant can stipulate to a prior offense, thereby removing it as an issue for the jury to decide. <u>Shepard</u> does not stand for the

12

proposition that a defendant can unilaterally waive the right to a jury trial in favor of a court trial on a single element while retaining the right to a jury trial on the remaining elements of the crimes charged.[3]

Dated: July 18, 2005

                                                _____OLIVER W. WANGER\_\_\_\_
OLIVER W. WANGER
UNITED STATES DISTRICT JUDGE

---

[3] Furthermore, the United States asserts that it will not consent to a jury trial on some elements and a court trial on other elements of Section 924(c).  The United States will agree to allow defendant to stipulate that he committed the underlying armed bank robberies, thereby negating the need for admission of the redacted judgment.  The United States also will agree to waive its right to a jury trial in favor of a court trial on all of the elements of the Section 924(c) counts.

13