IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER STRIKING DEFENDANT'S |
| | ) | NOTICE OF INTENT TO |
| Plaintiff, | ) | INTRODUCE EXPERT EVIDENCE OF |
| | ) | DIMINISHED CAPACITY PURSUANT |
| vs. | ) | TO FED.R.CRIM. 12.2(b) (Doc. |
| | ) | 439) |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 8, 2005, defendant filed a Notice of Intent to Introduce Expert Evidence of Diminished Capacity Pursuant to Fed.R.Crim.P. 12.2(b).

In the instant notice, defendant asserts that he intends to introduce expert evidence of his diminished capacity which will establish that he did not act with the intent to commit the crimes charged.

Defendant's notice is stricken as untimely and as irrelevant. The reasons stated herein are intended to amplify the reasons for striking this notice stated in open court on July

1

12, 2005.

Rule 12.2(b) and (d) provide in pertinent part:

> (b)  If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on ... the issue of guilt ..., the defendant must - within the time provided for filing a pretrial motion or at any later time the court sets - notify an attorney for the government in writing of this intention and file a copy of the notice with the court.  The court may, for good cause shown, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.
>
> ...
>
> (d)  If the defendant fails to give notice under Rule 12.2(b) ..., the court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt ....

Defendant asserts that he served notice of his intent to raise a diminished capacity defense on the court pursuant to Rule 12.2(b) when he filed his declaration under seal in support of his motion to vacate the trial date on June 1, 2005.

On May 11, 2005, defendant filed a motion to vacate the trial date of June 1, 2005.  The motion and defendant's supporting declaration were filed under seal.  (Docs. 386 & 387). In the motion, defendant asserted in pertinent part that he was entitled to retain and be examined by a psychiatrist

> when a defendant moves to suppress his confession on involuntariness grounds, where a psychiatrist's evaluation of his mental state in relation to the interrogating officer's psychological pressure may have

2

>           overborne his will to resist, he is entitled
>           to a full examination of the record and the
>           defendant by a psychiatrist and a 'fair
>           evidentiary hearing in which both the
>           underlying factual issues and the
>           voluntariness of his confession is actually
>           and reliably determined.' ....
>
>           Dr. Gitlin's review of defendant's medical
>           records before and at the time of defendant's
>           arrest, police reports, prior testimony of
>           the arresting officers, and recorded
>           statements by defendant and the officers on
>           cassette made during interogation [sic], and
>           any current testing that Dr. Gitlin might
>           want to give will take a considerable amount
>           of time to coordinate and accomplish, as well
>           as will holding an evidentiary hearing on
>           this matter afterward.  On this basis alone
>           the current June 1st date for trial should be
>           vacated because plainly Dr. Gitlin will not
>           be able to complete his evaluation, and the
>           Court hold an evidentiary hearing and rule on
>           this matter reasonably before June 1, 2005.

In his declaration under seal in support of this motion to vacate the June 1 trial date, defendant averred in pertinent part:

>           (3)  Dr. Michael Gitlin is a truly competent
>           and meaningful psychiatrist, who can evaluate
>           and authoritatively testify in my case
>           because he specializes in the field of manic-
>           depression - the mental disorder of which I
>           suffer. ....
>
>           ...
>
>           (9)  I need the effective and meaningful
>           assistance of Dr. Michael Gitlin because of
>           his expertise in the field of manic-
>           depression in relation to violence.  His
>           evaluation is essential to suppressing my
>           confession and would assist this Court in
>           reaching an accurate determination as to
>           whether my confession was voluntary, and
>           would result in a hearing that is appropriate
>           to the nature of the case ....

In the instant notice, defendant notes that a hearing was

3

conducted on May 16, 2005 regarding his sealed motion to vacate the June 1, 2005 trial date. At that hearing, the motion to vacate the trial date was granted and the trial continued to August 2, 2005. The parties were ordered to file all motions by June 15, 2005, responses to be filed by July 7, 2005, and the motions heard on July 11, 2005. Defendant asserts:

> [D]efendant renewed his request for a notebook computer to use in his cell to ensure that he could meet the Court's deadline. The Court stated that a ruling on his long-pending motion on this matter was forthcoming. [D]efendant did his best, but could not prepare and file every pretrial motion that he wanted to by the Court's cutoff date. And the Court still has not provided him with a notebook computer or ruled on his request for one. As a result, defendant did not have enough time to serve notice to the government of his intent to introduce expert evidence of his diminished capacity before the Court's deadline of June 15, 2005.
>
> Moreover, immediately when defendant realized that he would not make this deadline and would not be prepared for trial on August 2, 2005, he once again asked the Court to vacate the August 2nd trial date. One of the reasons defendant gave was that he had run out of time to file all of the pretrial motions he needed to file, such as the instant notice. Nevertheless, the court denied defendant's motion to vacate the scheduled date of trial.
>
> In addition, defendant did not serve notice on the government at an earlier date because he was made to wait on confirmation from a psychiatrist that he would indeed be willing to evaluate and [sic] old mental record, in relation to the charges and arrest, and for a specific amount for his professional services. Initially, defendant's investigator from the Federal Defender's Office contacted Dr. Kay Jamison. After

4

> several months and several attempts to get a
> reply, she referred us to Dr. Michael Gitlin,
> and then after several more months, he
> referred us to Dr. James Rosenberg, who again
> after several more months referred us to Dr.
> John Deirmenjian, who has finnally [sic]
> agreed to evaluate the prior record, test and
> interview the defendant and report.
> Defendant has been, therefore, at the mercy
> of busy nonresponsive doctors who kept
> passing him on to another doctor, in their
> own good time.
>
> Last, defendant has had a motion pending
> since April 15, 2005 [sic] to Suppress his
> Confession, where he requested an evidentiary
> hearing and the services of a psychiatrist's
> evaluation.  This old motion is still
> pending.
>
> Therefore, for good cause shown, defendant
> respectfully requests that the Court allow
> him to file his notice late upon the
> government.  Defendant also requests the
> necessary funding for Dr. John Deirmenjian's
> professional services.

Defendant has not shown good cause for the untimely notice of intent pursuant to Rule 12.2(b).  This case has been before this court pursuant to the Ninth Circuit's remand for retrial of the Section 924(c) counts since late September, 2004.  At a status conference on December 20, 2004, Judge Coyle ordered that defendant's motions be filed by January 10, 2005, for hearing on February 7, 2005.  Defendant filed a motion to amend or correct record, a motion for discovery, and a motion for telephone access for legal calls.  On February 7, 2005, Judge Coyle set another motions schedule, ordering that defendant's motions be filed by February 14, 2005 for a hearing on February 28, 2005.  Defendant filed another motion for discovery.  On February 28, 2005, Judge

Coyle set jury trial for April 26, 2005. Although no new motions schedule was set, defendant filed a motion requesting new stand-by counsel, a motion to dismiss the indictment, a motion requesting permission to file two additional pretrial motions, a motion to suppress his confession, and a motion to allow independent inspection of the firearm and to postpone the trial. A hearing was held on March 21, 2005 and jury trial was continued to June 1, 2005, Judge Coyle also ruling that motions in limine were due by May 9, 2005. The case was transferred from Judge Coyle's docket on March 30, 2005. Defendant thereafter filed a petition for writ of mandate complaining that the reassignment had not been accomplished correctly. Thereafter, in May, 2005, defendant again requested continuance of the trial date. See discussion supra. Defendant had more than ample time to file a Rule 12.2(b) notice on the government. Allowing defendant to proceed with this defense at this late date would result in the continuance of August trial date, to the prejudice of the United States and the court. This conclusion is reinforced by representations made by defendant and his investigator, Mr. Barnes, at the hearing on July 11, 2005 that defendant does not yet know if he will be able to retain a psychiatrist to examine him for purposes of suppressing his confession.[1]  While

---

[1] As stated on the record during the hearings on July 11-12, 2005, defendant's proffer of evidence in support of his contention that he suffered from a mental disease or defect at the time of his confession in September 1995 does not substantiate his claim or demonstrate that an expert could make this diagnosis.

6

defendant represented at the hearing on June 30, 2005 on his latest motion to vacate the trial date that he might need to file additional motions, he did not advise the United States of this intent or that he intended to file a Rule 12.2(b) notice when AUSA Rice was brought back into the courtroom after the <u>in camera</u> proceedings concerning the request for continuance.  Defendant's attempt to excuse his delay in filing the instant notice a ruling has not issued on his motion to suppress his confession or for a notebook computer is without merit given the recitation set forth above.  Finally, defendant's assertion that he notified the court in the motion to vacate the trial date filed on May 11, 2005 that he intended to file a Rule 12.2(b) notice of a diminished capacity defense is not substantiated by the motion itself.  It is clear that defendant was seeking to retain a psychiatrist to support his motion to suppress his confession as involuntary if the court ordered an evidentiary hearing in connection with that motion.  Therefore, defendant's notice is untimely and he has not shown good cause to allow the untimely notice to be filed.

Furthermore, the proposed diminished capacity defense is irrelevant.  Section 924(c) is not a specific intent crime.  <u>See e.g.</u> <u>United States v. Brown</u>, 915 F.2d 219, 223-226 (6th Cir. 1990); <u>United States v. Ames</u>, 1995 WL 110104 (9th Cir. 1995).  The defense of diminished capacity is not available as a defense to a general intent crime.  <u>See</u> <u>United States v. Martinez</u>, 49 F.3d 1398, 1401 (9th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1065 (1996); <u>United States v. Sneezer</u>, 983 F.2d 920, 922 (9th Cir.

7

1992), cert. denied, 510 U.S. 836 (1993).  Also, from my research, armed bank robbery is not a specific intent crime.  See United States v. Smith, 638 F.2d 131, 132 (9th Cir. 1981).

  Dated: _July 22, 2005

                               __/s/ OLIVER W. WANGER___
                                    OLIVER W. WANGER
                               UNITED STATES DISTRICT JUDGE