# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY WAYNE ARNETT,<br><br>　　　　　Defendant. | 1:95-cr-5287 OWW<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS HIS CONFESSION (DOCS. 364 & 396), DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DETECTIVES SKINNER AND NEWELL FROM TRIAL (DOC. 398) AND DEFENDANT'S MOTION IN LIMINE TO SUPPRESS (DOC. 407) |

　　Defendant's Motion to Suppress His Confession, Defendant's Motion in Limine to Exclude Detectives Skinner and Newell from Trial, and Defendant's Motion in Limine to Suppress are denied for the reasons stated in open court on July 11-12, 2005, and in open court on August 2, 2005, after Defendant orally withdrew these motions.

　　An evidentiary hearing was to commence on August 2, 2005, in connection with Defendant's claim that officers of the Medford Police Department had orally promised Defendant a prison term of no more than seven years if Defendant would confess to the California bank robberies on tape.  The calendar had been called.  The Assistant United States Attorneys assigned to this case and

1

six witnesses from Oregon were present in open court on August 2, 2005, and were prepared to proceed to testify at the evidentiary hearing.  However, Defendant advised the court that he was withdrawing the motions, contending that he did not have the resources to proceed with the evidentiary hearing.  As stated in open court on August 2, 2005, Defendant has had more than enough time and resources to prepare these motions and litigate the scheduled evidentiary hearing.  Defendant was again questioned whether he wanted to proceed with the evidentiary hearing and Defendant reiterated his withdrawal of these motions.

ACCORDINGLY, the totality of the facts establish that Defendant's withdrawal of his motions to suppress is made with full knowledge of the consequences of giving up the right to question the officers ordered to be present at the Plaintiff's request.  Defendant's Motion to Suppress His Confession, Defendant's Motion in Limine to Exclude Detectives Skinner and Newell from testifying at Trial, and Defendant's Motion in Limine to Suppress on account of his alleged mental incompetence, are denied for the reasons stated in open court on July 11-12, 2005 and on August 2, 2005 and on the further ground these motions have been voluntarily withdrawn by Defendant.

DATED: August _5___, 2005.

/s/ OLIVER W. WANGER
_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE