IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | APPLICATION FOR AN ORDER TO |
| Plaintiff, | ) | BUREAU OF PRISONS TO RETURN |
| | ) | HIS PRIOR PRESENTENCE REPORT |
| vs. | ) | (Doc. 500) |
| | ) | |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Defendant, acting in pro per, moves for an order directing the Bureau of Prisons to return to the Probation Office the copy of the Presentence Investigation Report prepared in connection with defendant's sentencing in 2000.  Defendant argues that, because the Bureau of Prisons did not petition the court for a copy of the Presentence Investigation Report pursuant to Rule Crim. 32-460(a), Local Rules of Practice,[1] the Bureau of Prisons

_____

[1]Rule Crim. 32-460 provides:

> **(a)  Confidential  Character  of  Presentence
> Reports and Related Records.**  The presentence

1

is not entitled to a copy of that report and is retaining that

copy in violation of his due process and privacy rights.

As explained in <u>United States Dept. of Justice v. Julian</u>,

476 U.S. 1, 5 (1988):

> After the defendant is sentenced, a copy of
> the presentence report is typically
> transmitted to the Bureau of Prisons, where
> it may be used in determining a defendant's
> classification as an inmate, see 28 CFR §§
> 524.10, 524.12(e)(1987), choosing an
> appropriate treatment program, or deciding
> eligibility for various privileges ....

---

> reports, violation reports, and related
> documents to be offered in sentencing and
> violation hearings (collectively 'presentence
> reports') are confidential records of the
> United States District Court. Unless further
> disclosure is expressly authorized by order of
> the Court, such records shall be disclosed
> only to the Court, court personnel, the
> defendant, the defendant's counsel, the
> defense investigator, if any, and the United
> States Attorney's Office in connection with
> the sentencing or violation hearing.
>
> **(b) Requests for Disclosure.** Any applicant
> seeking an order authorizing further
> disclosure of a presentence report maintained
> by the probation office shall file a written
> petition to the Court establishing with
> particularity the need for specific
> information in the records. Requests for
> disclosure made to probation officers are
> improper. The probation officer may seek
> instruction from the Court with respect to a
> request and may direct a person seeking
> release of records to petition the Court. No
> disclosure shall be made expect upon an order
> issued by this Court.

2

The authority to transmit a Presentence Investigation Report to
the Bureau of Prisons also is implied in Rule 32(i)(3)(C),
Federal Rules of Criminal Procedure.  Rule 32(i)(3)(C) provides
that, at sentencing, the court "must append a copy of the court's
determinations under this rule to any copy of the presentence
investigation report made available to the Bureau of Prisons".
See also 18 U.S.C. § 3553(c): "The court shall provide a
transcription or other appropriate public record of the court's
statement of reasons, together with the order of judgment and
commitment, to the Probation System and to the Sentencing
Commission, and, if the sentence includes a term of imprisonment,
to the Bureau of Prisons."  18 U.S.C. § 3621(b) empowers the
Bureau of Prisons to designate the place of imprisonment after
considering, among other factors,

> ...
>
> (2) the nature and circumstances of the
> offense;
>
> (3) the history and characteristics of the
> prisoner;
>
> (4) any statement by the court that imposed
> the sentence -
>
> > (A) concerning the purposes for
> > which the sentence to imprisonment
> > was determined to be warranted ....

There is no authority that can be located holding that
transmittal of a Presentence Investigation Report to the Bureau
of Prisons after a defendant has been sentenced violates the
rights of that defendant if the Bureau of Prisons does not first

1  obtain express permission from the District Court.  It is

2  apparent that the Local Rule was not intended to prevent

3  disclosure of the Presentence Investigation Report to the Bureau

4  of Prisons.  Furthermore, Rule 57(a)(1), Federal Rules of

5  Criminal Procedure, provides that "[a] local rule must be

6  consistent with - but not duplicative of - federal statutes and

7  rules adopted under 28 U.S.C. § 2072 ...."

8      Defendant further asserts that the Presentence Investigation

9  Report prepared in connection with his sentencing in 2000 does

10 not have appended to it a "copy of the Court's determinations"

11 made by Judge Coyle when he sentenced defendant in 2000 in

12 violation of Rule 32(i)(3)(C).  In addition, defendant contends,

13 because a new Presentence Investigation Report is being prepared

14 in connection with defendant's upcoming sentencing, the report

15 presently in the possession of the Bureau of Prisons "now is

16 outdated and misleading".  However, upon defendant's sentencing,

17 the new Presentence Investigation Report will be forwarded to the

18 Bureau of Prisons, thereby superseding the initial one.

19 Consequently, defendant's concerns will be mooted at that time.

20     ACCORDINGLY:

21     1.  Defendant's Application for an Order to the Bureau of
   Prisons to Return His Prior Presentence Report is DENIED. IT IS SO

22 ORDERED.

23 Emm0d6**Dated:    March 3, 2006**          _____/s/ Oliver W. Wanger_____
                                            UNITED STATES DISTRICT JUDGE

24

25

26

4