IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>　　　　　Defendant. | No. CR-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S REQUEST TO FILE APPLICATIONS FOR SUBPOENAS UNDER SEAL, DIRECTING CLERK TO FILE, DOCKET AND SERVE APPLICATIONS, DENYING APPLICATIONS FOR SUBPOENAS TO ASSISTANT FEDERAL DEFENDER RAINWATER AND INVESTIGATOR FAGER, AND DIRECTING UNITED STATES TO RESPOND TO REQUESTS FOR SUBPOENAS TO NINTH CIRCUIT CLERK'S OFFICE PERSONNEL AND APPELLATE COUNSEL PORTER AND FOR AN EVIDENTIARY HEARING ON OR BEFORE MAY 22, 2006 |

　　On April 21, 2006, the Clerk's Office received from defendant four applications for personal and duces tecum subponeas under Rule 17, Federal Rules of Criminal Procedure. All four applications are captioned "under seal".

　　Defendant's requests to file these applications under seal

1

is denied.  The applications seek subpoenas in connection with defendant's post-conviction motions.  Defendant cites no basis for sealing these applications.  The United States must be made aware of factual issues that may arise in connection with defendant's post-conviction motions.  The Clerk of the Court is directed to file, docket and serve defendant's applications.

**A.  Applications for Subpoenas Directed to Assistant Federal Defender Robert Rainwater and Federal Defender Investigator Pat Fager**.

Defendant seeks subpoenas to Assistant Federal Defender Robert Rainwater and Federal Defender Investigator Pat Fager for their personal appearance at an evidentiary hearing and to bring with them  "defendant's complete file in his possession and a copy of all related letters of correspondence to defendant from his [her] computer file in this case."  Defendant contends that these subpoenas are necessary to support his motion for a new trial on the ground that Mr. Rainwater did not provide defendant with a copy of the transcript of defendant's trial in this court in 1999 and that defendant only had partial copies of the trial transcript obtained from prior pleadings involving post-conviction motions after his conviction in this court in 1999.

Defendant's applications for these subpoenas are denied as unnecessary.  Defendant's court-appointed investigator, Richard L. Barnes, can interview Mr. Rainwater and Ms. Fager and obtain declarations from them as to whether or not either of them provided copies of the 1999 trial transcript to defendant.

2

**B.   Applications for Subpoenas Directed to Deputy Appellate Clerk Wayne Price and David Porter**.

Defendant seeks subpoenas to Ninth Circuit Deputy Appellate Clerk Wayne Price and to David Porter, who was defendant's appellate counsel, to establish at an evidentiary hearing whether the mandate was issued on August 6, 2004.  Defendant contends that these subpoenas are necessary to support his motion to dismiss the indictment for violation of the Speedy Trial Act.

The United States is ordered to respond to defendant's request for these subpoenas and to defendant's request for an evidentiary hearing in connection with his motion to dismiss on or before May 22, 2006.

Dated: _May 12____, 2006

/s/ OLIVER W. WANGER_____

OLIVER W. WANGER

UNITED STATES DISTRICT JUDGE