IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
|---|---|---|
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | REQUEST TO FILE EX PARTE |
| Plaintiff, | ) | APPLICATION UNDER SEAL FOR |
| | ) | COURT TO ORDER STATISTICAL |
| vs. | ) | DATA FROM THE U.S. |
| | ) | SENTENCING COMMISSION, |
| | ) | DIRECTING CLERK TO FILE AND |
| TIMOTHY WAYNE ARNETT, | ) | DOCKET EX PARTE APPLICATION, |
| | ) | AND DENYING EX PARTE |
| | ) | APPLICATION |
| Defendant. | ) | |
| | ) | |
| | ) | |

On April 13, 2006, the Clerk's Office received from defendant a pleading captioned "[UNDER SEAL] Notice and Ex Parte Application Defendant Application for the Court to [Order] Statistical Data from the U.S. Sentencing Commission."

Defendant's request to file this application under seal is denied. Defendant presents no basis for filing the application under seal and because the application seeks information defendant contends is relevant to sentencing, the United States has to be able to respond to it. Furthermore, pursuant to Rule

1

1  Crim. 32-460, Local Rules of Practice, defendant is required to
2  disclose any objections to the Presentence Investigation Report
3  to the United States.  Therefore, the Clerk of the Court is
4  directed to file, docket and serve defendant's application.
5      In this application, defendant moves "to obtain statistical
6  data from the U.S. Sentencing Commission that is relevant to his
7  forthcoming amended objections to the Presentence Report,
8  pursuant to the Court's supervisory authority."  Defendant seeks
9  an order to the United States Sentencing Commission establishing
10 "[w]hat percentage of armed bank robberies involve actual
11 physical violent force applied to the bodies of the victims".
12 Defendant contends that these statistics will
13          bear out a conclusion that, more often than
            not by a wide-spread margin of percentage,
14          bank robbers do not intentionally use
            'physical' force afainst [sic] the body of
15          their victims, as was the case in his eight
            bank robberies as this Court knows from the
16          testimony at trial.  This being the case, by
            its nature, bank robbery does not involve a
17          'substantial' - real and considerable - risk
            that this aggravated form of violence will
18          occur.
19 Defendant contends, in conjunction with his Amended Objections to
20 the Presentence Report filed on April 26, 2006, that "the
21 predicate bank robberies in his case, do not by their 'nature,
22 involve a **substantial** risk that **physical** force,' as compared to
23 general force, against the body of the victims will **intentionally**
24 be used in the course of committing the crimes, within the
25 meaning of 18 U.S.C. § 924(c)(1)(C)(3)(A) and (B) [sic]."
26     In support of the argument made in the instant application,

2

defendant refers to Penuliar v. Ashcroft, 359 F.3d 1037 (9th Cir. 2005), as amended, 435 F.3d 961 (9th Cir. 2006); United States v. Trinidad-Aquino, 259 F.3d 1140 (9th Cir. 2001); Bejarano-Urrutia v. Gonzales, 413 F.3d 444 (4th Cir. 2005); and Bazan-Reyes v. I.N.S., 256 F.3d 600 (7th Cir. 2001).

All of these cases involve reviews of final orders of removal of aliens who were alleged to have committed aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43). None of these cases involved sentencing for a conviction of 18 U.S.C. § 924(c). Furthermore, none of these cases involved as the aggravated felony armed bank robbery (in Penuliar, the felonies were two counts of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851 and one count of evading an officer in violation of California Vehicle Code § 2800.2(a); in Trinidad-Aquino, the felony was driving under the influence of alcohol with injury to another in violation of California law; in Bejarano-Urritia, the felony was involuntary manslaughter in violation of Virginia law; in Bazan-Reyes, the felony was driving while intoxicated).

In United States v. Selfa, 918 F.2d 749 (9th Cir.), cert. denied, 498 U.S. 986 (1990), the defendant pleaded guilty to bank robbery and was sentenced as a career offender under U.S.S.G. § 4B1.1 based on two prior bank robbery convictions in violation of 18 U.S.C. § 2113(a). On appeal, Selfa argued that since he was unarmed and he neither harmed nor threatened to harm anyone in any ay during the bank robberies, they were not crimes of

3

violence and further argued that §4B1.1 did not support a per se rule that all robberies are crimes of violence. In rejecting Selfa's appeal, the Ninth Circuit held in pertinent part:

> Section 4B1.1 provides:
>
>> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the incident offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) *the defendant has at least two prior felony convictions of* either *a crime of violence* or a controlled substance offense ....
>
> U.S.S.G. § 4B1.1 at 4.11 (November 1, 1989 ed.) ... The Application Notes to this section state that '"crime of violence" ... [is] defined in section 4B1.2.' U.S.S.G. § 4B1.1 application note 1. Section 4B1.2 in turn provides in relevant part:
>
>> The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that -
>>
>> (i) has an element of the use, attempted use, or threatened use of physical force against the person of another ....
>
> U.S.S.G. § 4B1.2(1). The Application Notes to this section indicate that '"crime of violence" includes ... robbery ....' U.S.S.G. § 4B1.2 application note 2.
>
> Selfa argues that since he was unarmed in the two prior robberies, they were not crimes of violence. Section 4B1.2, however, does not define a crime of violence as requiring the use of a weapon. He further contends that he neither harmed nor threatened to harm anyone in any way during the robberies, that none of his victims suffered any long-term effects

4

> from the robberies, and the section 4B1.2(1)(i) does not support a *per se* rule that all robberies are crimes of violence. He seeks a remand for an evidentiary hearing to determine whether his past convictions involved actual or threatened physical force.
>
> ...
>
> We need not decide in this appeal ... whether all robberies, regardless of the statute under which they are punished, should be considered *per se* crimes of violence.  Selfa was twice convicted of violating that portion of 18 U.S.C. § 2113(a) which requires, at the very least, either 'force and violence' or 'intimidation.'  This court has defined 'intimidation' under section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.' *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) ..., *cert. denied*, 464 U.S. 963 ... (1983), definition is sufficient to meet the section 4B1.2(1) requirement of a 'threatened use of physical force.'  *See United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989)('The requirement that property be taken either "by force and violence" or "by intimidation" requires proof of force or threat of force as an element of the offense.').
>
> We therefore hold that persons convicted of robbing a bank 'by force and violence' or 'intimidation under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1.  We conclude that the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control.  Further satellite factual hearings should not be required as a matter of course in order to determine whether the defendant has previously been convicted of crimes of violence.

Furthermore, a "crime of violence" is determined in two ways - by reference to the express statutory provision and by reference to

the definition of the term as set forth in the Sentencing Guidelines.  18 U.S.C. § 924(c)(3)defines the term "crime of violence" for purposes of Section 924 to mean an offense that is a felony and

>    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Whether a particular felony is a "crime of violence" within the meaning of Section 924(c) or the Sentencing Guidelines is a question of law to be determined by the court, not the jury, under the categorical analysis set forth in Taylor v. United States, 495 U.S. 575 (1990).  See United States v. Amparo, 68 F.3d 1222 (9th Cir.), cert. denied, 516 U.S. 1164 (1995); see also United States v. Piccolo, 441 F.3d 1084 (9th Cir. 2006). Armed bank robbery is a crime of violence for purposes of Section 924(c)(3) because one of the elements of the offense of armed bank robbery is a taking "by force and violence, or by intimidation."  United States v. Wright, 215 F.3d 1020, 1028 (9th Cir.), cert. denied, 531 U.S. 969 (2000).

   Here, the Indictment alleged in each of the armed bank robbery counts that defendant "did knowingly, and by force, violence and intimidation take" money from the employees of the respective banks in violation of 18 U.S.C. § 2113(a) and that defendant "did assault and put in jeopardy the life of persons in

6

said bank by the use of a dangerous weapon ... in violation of" 18 U.S.C. § 2113(d). Defendant's convictions of these armed bank robbery counts have been affirmed on appeal. In the jury trial on the counts alleging that defendant used or carried a firearm during the course of crime of violence, the jury was instructed that, in order to convict defendant of the alleged violations of Section 924(c), the jury had to find that defendant used or carried a firearm during a crime of violence, i.e., armed bank robbery.

The underlying facts of hundreds of other bank robberies have no bearing on the definition of a the term "crime of violence" as used in Section 924(c) or the Sentencing Guidelines. Therefore, defendant cannot argue at sentencing that he did not commit a crime of violence or that his sentence should reflect that he did not commit a crime of violence by contending that, statistically, armed bank robberies do not involve "actual physical violent force". Consequently, the statistical data from the U.S. Sentencing Commission sought by defendant's application is not relevant to defendant's sentencing and is denied.

ACCORDINGLY:

1. Defendant's request to file "Notice and Ex Parte Defendant Application for the Court to [Order] Statistical Data from the U.S. Sentencing Commission" under seal is denied. The Clerk of the Court is directed to file, docket and serve defendant's application.

2. Defendant's "Application for the Court to [Order]

Statistical Data from the U.S. Sentencing Commission is denied.

Dated:  __May 12___, 2006

                                          ____/s/ OLIVER W. WANGER____
                                              OLIVER W. WANGER
                                      UNITED STATES DISTRICT JUDGE