IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                            )<br>                            )<br>            Plaintiff,      )<br>                            )<br>     vs.                    )<br>                            )<br>                            )<br>TIMOTHY WAYNE ARNETT,        )<br>                            )<br>            Defendant.       )<br>                            )<br>_____) | No. CR-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S<br>MOTION REQUESTING A COPY OF<br>RANDOM TRANSFER OF ACTION<br>FROM CLERK'S AUTOMATED CASE<br>ASSIGNMENT SYSTEM (Doc. 501)<br>AND DENYING DEFENDANT'S<br>MOTION AND OBJECTIONS TO<br>JUDGE OLIVER W. WANGER'S<br>AUTHORITY TO PRESIDE OVER<br>PROCEEDINGS (Doc. 542) |

On February 16, 2006, defendant Timothy Wayne Arnett, proceeding <u>in pro per</u>, filed a Motion and Defendant's Objections to Judge Oliver W. Wanger's Authority to Preside Over the Proceedings. (Doc. 542).[1]

---

[1] Arnett contends that, because the mandate did not issue until September 25, 2005, the transfer of this action from the docket of Judge Coyle to the docket of Judge Wanger is void. Arnett has filed a separate motion contending that all proceedings in this case prior to September 25, 2005 are void, which motion will be addressed by separate order.

1

Arnett contends that this action was improperly transferred to Judge Wanger's docket without being reassigned at random by the Automated Case Reassignment System pursuant to 28 U.S.C. § 137 and Rule 3-120(c) [sic], Local Rules of Practice.[2]

---

[2] 28 U.S.C. § 137 provides in pertinent part:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.
>
> The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the case so far as such rules and orders do not otherwise prescribe.

Rule 3-120(e), Local Rules of Practice, (incorrectly cited by Arnett as Rule 3-120(c)), provides that "[a]ll actions will be assigned in accordance with the Assignment Plan approved by the Court en banc and reproduced as Appendix A to these Rules." Appendix A, captioned "Automated Case Assignment Plan", sets forth the requirements for reassignments and provides in pertinent part:

> No action, once assigned, shall be reassigned to any other Judge except as hereinafter provided:
>
>     (1) Actions may be reassigned between Judges on order signed by the transferring and accepting Judges as approved by the Court.
>
>     ...
>
>     (3) In the event the Judge to whom an action has been assigned ... is disqualified, the Court may make an order directing the Clerk to draw again for reassignment of the court to another Judge and to replace the name of the disqualified Judge in the Automated Case Assignment System.
>
>     (4) With the approval of the Court en banc, the Chief Judge may make such other assignments, reassignments or related orders as are conducive to the equitable division and just, efficient and economical determination

2

The timing of this motion raises the issue of waiver. By Order filed on March 30, 2005, Judge Coyle transferred this action. (Doc. 378). On April 14, 2005, Arnett filed a Petition for Writ of Mandamus before Chief Judge Levi requesting that this criminal action be randomly reassigned pursuant to the court's Automated Case Assignment System. (Doc. 380). The Petition for Writ of Mandamus does not have a case number assigned to it. However, the Petition for Writ of Mandamus was noticed for hearing on April 11, 2005 before Chief Judge Levi. Also in the file is a copy of a letter from Arnett dated April 4, 2005 and addressed to the Clerk of the Court in Sacramento (Doc. 381), which letter states in pertinent part:

> Even though my pending criminal case is in the Fresno Division of the Eastern District of California, I did not mistakenly submit my petition for writ of mandamus to the Sacramento Division. I am appropriately requesting a writ from the Chief Judge of this district, Honorable David F. Levi.
>
> Your consideration and assistance in filing and setting the matter on Judge Levi's calendare [sic] for April 11, 2005 would be greatly appreciated.

The Petition for Writ of Mandamus complains that Judge Coyle's Order transferring the action was not done pursuant to Automated Case Assignment Plan. The Petition requested that "this Honorable Court order the Clerk to randomly select a new judge in

of the business of the Court.

1  respect to his criminal proceedings by means of the Eastern
2  District of California's Automated Case Assignment System" and
3  further requested "a copy of all actions in the Automated Case
4  Assignment Sytem [sic] of: (1) How many criminal cases has Judge
5  Coyle transferred and reassigned to Judge Wanger and how many to
6  Judge Ishii; (2) reassignment of defendant's case to Judge Wanger
7  on March 30, 2005; and (3) the initial assignment of Judge Coyle
8  in his criminal case in the matter sub justice [sic] in 1995,
9  which is available from the Chief Clerk in the Eastern District's
10 Sacramento Office.  See L.R. 3-120(c) [sic], Appendix A, Sections
11 (i)(1), (2)."

12     There is no indication on the docket in this action that
13 Chief Judge Levi ever formally resolved the Petition for Writ of
14 Mandamus.  As noted, the Petition was filed in this action and,
15 of course, was never noticed for hearing before the judge to whom
16 the case had been reassigned.  However, an "Order Transferring
17 Action from Docket of Judge Robert E. Coyle to Docket of Judge
18 Oliver W. Wanger; Judge Wanger's Acceptance of Transfer of
19 Action; Chief Judge David Levi's Approval of Transfer of Action"
20 was filed on April 20, 2005 (Doc. 384).  This Order specifically
21 states that the transfer, acceptance and approval were done
22 pursuant to Appendix A to the Local Rules of the Eastern District
23 of California.  Arnett did not object to the April 20, 2005
24 Order.  It was not until September 6, 2005, approximately a month
25 after Arnett had been convicted of the Section 924(c) counts,
26 that he filed a Motion Requesting a Copy of Random Transfer of

4

Action from the Clerk's Automated Case Assignment System. (Doc. 501).³ In the instant motion, Arnett notes that the Petition for Writ of Mandamus requested records pertaining to the Automated Case Assignment Plan and asserts: "Because the Court has not responded to this request, defendant respectfully renews his petition for the above records from the Automated Case Assignment System". Because the Petition for Writ of Mandamus was never noticed for hearing in the Fresno court to which the case was reassigned, the request in the Petition for Writ of Mandamus was never taken under consideration. Nonetheless, Arnett did not complain that the April 20, 2005 Order transferring the case did not comply with the Automated Case Assignment System until he filed a new motion on February 16, 2006, following the jury trial.

The fact that Arnett did not challenge the transfer of the case as violating the Local Rule until February 16, 2006 waives his right to do so. See United States v. Gray, 876 F.2d 1411, 1414 (9th Cir. 1989), cert. denied, 495 U.S. 930 (1990)("Gray, however, never objected to the transfer of the case to Chief Judge Rothstein until after the case was reassigned a second time on March 18, 1988, to Judge Tanner. Chief Judge Rothstein had

---

³The Motion Requesting a Copy of Random Transfer of Action from the Clerk's Automated Case Assignment System was heard on September 26, 2005 and taken under submission (Doc. 508). Because it is clear from the record that this criminal case was properly reassigned in accordance with the rules and because Arnett has waived any objection to the reassignment, see discussion infra, the Motion Requesting a Copy of Random Transfer of Action from the Clerk's Automated Case Assignment System, (Doc. 501), is denied.

5

the case for over a month without objection from Gray.  Under these circumstances Gray has waived his challenge to the first reassignment of his case to Chief Judge Rothstein."); Turk v. White, 1997 WL 30261 (9th Cir. 1997)("Turk did not challenge the assignment to Judge Levi, rather than to Judge Karlton, until almost a year had passed and after the magistrate judge had issued his adverse findings and recommendations.  Even under less questionable circumstances, we have held that such belated challenges are waived.").

    Even if, arguendo, Arnett has not waived his right to challenge the transfer of the action, he is not entitled to reassignment of the action as requested.  Appendix A provides that "[a]ctions may be reassigned between Judges on order signed by the transferring and accepting Judges as approved by the Court."  Here, the April 20, 2005 Order was signed by Judge Coyle as the transferring judge, by Judge Wanger as the accepting judge, and by Chief Judge Levi as the judge approving the reassignment.  Consequently, there has been no violation of Appendix A.

    Furthermore, Arnett does not have a due process or equal protection right to random reassignment. See United States v. Claiborne, 870 F.2d 1463, 1467 (9th Cir. 1989).  In addition, retrial for violation of local rules on assignment of judges is not warranted unless the defendant can show prejudice.  United States v. Berberian, 851 F.2d 236, 240 (9th Cir. 1988), cert. denied, 489 U.S. 1096 (1989).  Here, Arnett makes no contention

that he has been in any way prejudiced by the transfer of the case from Judge Coyle to Judge Wanger pursuant to the April 20, 2005 Order.[4]

ACCORDINGLY:

1. Defendant's Motion Requesting a Copy of Random Transfer of Action from the Clerk's Automated Case Assignment System, (Doc. 501), is denied.

2. Defendant's Motion Objecting to Judge Oliver W. Wanger's Authority to Preside Over the Proceedings, (Doc. 542), is denied.

IT IS SO ORDERED.

**Dated:   July 3, 2006**            /s/ Oliver W. Wanger
emm0d6                           UNITED STATES DISTRICT JUDGE

---

[4] Any implication made by Arnett that the transfer of this case from Judge Coyle's docket to Judge Wanger's docket had any purpose other than to enable Arnett to have the jury trial to which he is constitutionally entitled is unfounded. By virtue of the very large caseload per judge, for years cases have been transferred between the judges for trial after ascertaining availability for trial to accommodate trial and work schedules of the district court judges.

7