IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
|---|---|---|
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO BE RELEASED ON HIS |
| Plaintiff, | ) | OWN RECOGNIZANCE UNDER THE |
| | ) | BAIL REFORM ACT AFTER A |
| vs. | ) | DETENTION HEARING (Doc. 570) |
| | ) | |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Arnett moves for an order pursuant to the Bail Reform Act that he be released on his own recognizance pending further proceedings in this court and on appeal after a detention hearing pursuant to 18 U.S.C. § 3142(f).

This motion is DENIED. The reasons stated herein are intended to incorporate and amplify the reasons for denying this motion stated in open court on July 6, 2006.

18 U.S.C. § 3143 pertains to release of a defendant pending sentence or appeal. Section 3143(b)(2) provides in pertinent part:

1

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Section 3142(f)(1)(A) describes "a crime of violence, or an offense listed in section 2332(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."

Here, Arnett stands convicted of seven counts of armed bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) and seven counts of use or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). According to the Presentence Investigation Report, the maximum penalty for armed bank robbery is 25 years and the maximum term of imprisonment for the violations of Section 924(c)(1) is 20 years consecutive.[1] Armed bank robbery is a crime of violence within the meaning of Section 2113, Section 924(c), and the Sentencing Guidelines. *See United States v. Selfa*, 918 F.3d 749 (9th Cir.), *cert. denied*, 498 U.S. 986 (1990); *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir.), *cert. denied*, 531 U.S. 969 (2000).

Consequently, pursuant to Section 3143(b)(2), Arnett is not entitled to be released appeal on his own recognizance or any

---

[1] The "Advisory Guideline Addendum to Presentence Report" has attached to it the original Presentence Investigation Report prepared by the Probation Office for Arnett's sentencing by Judge Coyle on March 27, 2000. The penalty for the violations of Section 924(c) was then 20 years consecutive for second and subsequent convictions. Since then the penalty for second and subsequent convictions has been increased to 25 years. *See* 18 U.S.C. § 924(c)(1)(C)(i).

2

conditions pending sentencing or an appeal as a matter of law. Because he is not entitled to release, his request for a detention hearing is moot.[2]

ACCORDINGLY, as set forth above: Defendant's motion to be released on his own recognizance under the Bail Reform Act after a detention hearing is DENIED.

IT IS SO ORDERED.

**Dated:   July 16, 2006**              /s/ Oliver W. Wanger
emm0d6                          UNITED STATES DISTRICT JUDGE

---

[2]Because of this conclusion, discussion of Arnett's contentions that he should be released pending appeal because he will complete serving the sentence imposed by the District of Oregon in May, 2006; because the Ninth Circuit has not yet ruled on Arnett's appeal in this action of Judge Coyle's "Order Denying Defendant's Motion to Dismiss Indictment Based on Double Jeopardy Clause" filed on October 5, 2004 (Doc. 304); and because no ruling has been issued in connection with his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is unnecessary.