IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | APPLICATION FOR |
| Plaintiff, | ) | RECONSIDERATION (Docs. 597- |
| | ) | 598) |
| vs. | ) | |
| | ) | |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Arnett, proceeding <u>in pro per</u>, moves for reconsideration of the Order filed **<u>under seal</u>** on July 5, 2006 (Doc. 594), denying his for a subpoena to his ex-wife, Carol DeRosa, to testify at Arnett's sentencing, now scheduled for July 20, 2006.

The July 5, 2006 Order denied Arnett's request for a subpoena compelling Ms. DeRosa's testimony at sentencing because defendant made "no showing that Ms. DeRosa is willing to testify on his behalf at sentencing, what her testimony is anticipated to be, or that any such testimony will be relevant to any of the issues raised by defendant at sentencing."

1

In requesting reconsideration, Arnett refers to his objection to the Presentence Investigation Report (Doc. 565) that he should receive downward departure under USSG § 5K2.13 in effect when defendant was sentenced by Judge Coyle in 2000 because of his "diminished capacity". In seeking this downward departure, Arnett explains in this request for reconsideration that he will rely upon "his then-suffering from manic-depression, which caused his inability to control his criminal behavior he knew was wrongful." In support of the downward departure, Arnett submitted several short notations from his then-personal physician, Jack Collins, from Arnett's medical file. Arnett asserts that "[b]ecause defendant's ex-wife ... knows to the full extent of his uncontrolable [sic] manic mental state at the time of the robberies (much more so than Dr. Collins), defendant requires the testimony of her to bear his burden that he is entitled to a downward departure." Arnett also refers to the objection to the Presentence Investigation Report that he did not commit any "crime of violence" within the meaning of 18 U.S.C. § 924(c) "because he did not knowingly and/or intentionally, or otherwise, use any 'physical' force against the body of any of the victims by the means of any physical object (much less a firearm made after 1898)." Arnett acknowledges that his requested jury instructions on this basis were denied, but contends:

> In the event the appellate court ultimately agrees with defendant, the testimony of Ms. DeRosa will establish, that to the best of

2

>his knowledge, defendant believed he was using an old gun from the 1800s when he robbed the banks, and that he never intended to use any physical force against the bodies of the victims ... [H]er testimony is necessary to establish that the Court's denial of his proposed jury instruction was not harmless error, because he did not commit a 'crime of violence' by (1) intentionally using, or otherwise, any 'physical' force against the bodies of the victims, and (2) knowingly and intentionally using a firearm made after 1898 ...."

Arnett avers in his declaration in support of the request for reconsideration:

> (5) Ms. DeRosa is willing to testify in my behlaf [sic]; however, her husband is a very jealous person, and does not want her to communicate with me or to assist me. Thus, she cannot voluntarily come and testify upon my behalf without catching hell from her husband at home;
>
> (6) Her husband's name is Ricardo John DeRosa and he is a member of the State Bar of California: # 221226. He follows my case very closely and is always looking at my motions, the government's responses and the Court's orders, and then he comments on them to Ms. DeRosa. As a result, Ms. DeRosa cannot voluntarily attend my sentencing without facing verbal, abusive retaliation from her husband. Thus, I am requesting that a subpoena be issued so that Mr. DeRosa will believe that she was forced to testify at my sentencing. Also, I am requesting that this Declaration at a minimum be placed **UNDER SEAL** to protect Ms. DeRosa from Mr. DeRosa; and
>
> (7) I do not know her personal home phone number or address. However, she works for the new AT&T phone company in Stockton, California as a manager in their customer service 411 information center. Her work office phone number is (209) 474-4174.

Assuming that Ms. DeRosa will testify as represented by

3

Arnett, her testimony is not relevant to any issues at sentencing.

Although Ms. DeRosa may describe Arnett's behavior in 1996, she is not competent to express any medical or mental health opinion with regard to Arnett's then mental capacity or condition, i.e., whether or not he then suffered from manic depression. Arnett does not aver that Ms. DeRosa has any medical training or expertise to qualify her to provide expert testimony about his mental tate in 1996. Furthermore, the Sentencing Guidelines used in the "Advisory Guideline Addendum to Presentence Report" are the 1994 version, not the 2000 version. USSG § 5K2.13 states:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need to protect the public.

As has been ruled during the trial and in post-conviction orders, Arnett's contention that armed bank robbery is not a "crime of violence" because he did not actually use or intend any physical force against the bank tellers is not supported by the law. Whether a particular felony is a "crime of violence" with the meaning of Section 924(c) is a question of law to be determined by the court, not the jury, under the categorical analysis set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See*

*United States v. Amparo*, 68 F.3d 1222 (9th Cir.), *cert. denied*, 516 U.S. 1164 (1995); *see also United States v. Piccolo*, 441 F.3d 1084 (9th Cir. 2006). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" for purposes of Section 924 to mean an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Armed bank robbery is a crime of violence for purposes of Section 924(c) because one of the elements of the offense of armed bank robbery is a taking "by force and violence, or by intimidation." *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir.), *cert. denied*, 531 U.S. 969 (2000). In *United States v. Selfa,* 918 F.2d 749 (9th Cir.), *cert. denied*, 498 U.S. 986 (1990, the defendant pleaded guilty to bank robbery and was sentenced as a career offender under U.S.S.G. § 4B1.1 based on two prior bank robbery convictions in violation of 18 U.S.C. § 2113(a). On appeal, Selfa argued that since he was unarmed and he neither harmed nor threatened to harm anyone in any ay during the bank robberies, they were not crimes of violence and further argued that §4B1.1 did not support a per se rule that all robberies are crimes of violence. In rejecting Selfa's appeal, the Ninth Circuit held in pertinent part:

> Section 4B1.1 provides:

5

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the incident offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) *the defendant has at least two prior felony convictions of* either *a crime of violence* or a controlled substance offense ....

U.S.S.G. § 4B1.1 at 4.11 (November 1, 1989 ed.) ... The Application Notes to this section state that '"crime of violence" ... [is] defined in section 4B1.2.' U.S.S.G. § 4B1.1 application note 1. Section 4B1.2 in turn provides in relevant part:

> The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that -
>
> (i) has an element of the use, attempted use, or threatened use of physical force against the person of another ....

U.S.S.G. § 4B1.2(1). The Application Notes to this section indicate that '"crime of violence" includes ... robbery ....' U.S.S.G. § 4B1.2 application note 2.

Selfa argues that since he was unarmed in the two prior robberies, they were not crimes of violence. Section 4B1.2, however, does not define a crime of violence as requiring the use of a weapon. He further contends that he neither harmed nor threatened to harm anyone in any way during the robberies, that none of his victims suffered any long-term effects from the robberies, and the section 4B1.2(1)(i) does not support a *per se* rule that all robberies are crimes of violence. He seeks a remand for an evidentiary hearing to determine whether his past convictions involved actual or threatened physical force.

...

6

> We need not decide in this appeal ... whether all robberies, regardless of the statute under which they are punished, should be considered *per se* crimes of violence. Selfa was twice convicted of violating that portion of 18 U.S.C. § 2113(a) which requires, at the very least, either 'force and violence' or 'intimidation.' This court has defined 'intimidation' under section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.' *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) ..., *cert. denied*, 464 U.S. 963 ... (1983), definition is sufficient to meet the section 4B1.2(1) requirement of a 'threatened use of physical force.' *See United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989)('The requirement that property be taken either "by force and violence" or "by intimidation" requires proof of force or threat of force as an element of the offense.').
>
> We therefore hold that persons convicted of robbing a bank 'by force and violence' or 'intimidation under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1. We conclude that the elements of the crimes of which the defendant was previously convicted, and not the particular conduct of the defendant on the day the crimes were committed, should control. Further satellite factual hearings should not be required as a matter of course in order to determine whether the defendant has previously been convicted of crimes of violence.

918 F.2d at 751. The fact that Arnett carried a firearm during the bank robberies, and has been convicted by two juries of doing so, satisfies the "crime of violence" element of Section 924(c). That Arnett may not have actually injured any of the bank tellers or actually threatened to use the firearm against any of the bank tellers is not relevant. Some of the tellers testified they

7

believed they were being threatened by the sawed-off shotgun Arnett carried during all the robberies. Therefore, Arnett's assertion that he is entitled to a downward departure because of his "diminished capacity" is unwarranted because he stands convicted of seven counts of armed bank robbery and seven counts of use of a firearm during a crime of violence.

Arnett, citing *Dixon v. United States*, 126 S.Ct. 2437 (2006), contends that the "Order Striking Defendant's Notice of Intent to Introduce Expert Evidence of Diminished Capacity Pursuant to Fed.R.Crim. 12.2(b)" filed on July 22, 2005 (Doc. 461), was "constitutional error depriving him of the right to an affirmative defense." Arnett asserts: "To establish that he had a legitimate and factual basis for raising such a defense, defendant requires the testimony of Ms. DeRosa 'to set it up and establish it' for effective appellate review since he was denied the opportunity earlier by the Court."[1]

Again, Ms. DeRosa is not competent to give her opinion concerning Arnett's then-mental capacity or condition. Furthermore, the offer of proof of this evidence upon which

---

[1] In *Dixon v. United States*, 126 S.Ct. 2437 (2006), the Supreme Court held that jury instructions did not run afoul of the Due Process Clause when they placed the burden on defendant to establish the defense of duress by a preponderance of the evidence and that modern common law did not require the government to bear the burden of disproving defendant's defense of duress beyond a reasonable doubt. *Dixon* does not involve a defense of diminished capacity. Arnett also cites *Washington v. Recuenco*, 126 S.Ct. 2546 (2006), which holds, in pertinent part, that *Blakely* error from the failure to submit a sentencing factor to the jury was not "structural error" that would always invalidate a conviction.

Arnett intended to rely is a matter of record in this action and can be reviewed by the Ninth Circuit on appeal.

Arnett's contention that Ms. DeRosa will testify that Arnett believed he was using an old gun from the 1880s when he robbed the banks is also irrelevant to any issues before the court. Ms. DeRosa did not testify at trial and the jury found that Arnett used a firearm within the meaning of Section 923 when the jury convicted him in August, 2005. Whether Arnett believed that the firearm was manufactured in the 1880s is irrelevant because the jury necessarily found that the firearm was manufactured after January 1, 1898.

Although *United States v. Booker*, 543 U.S. 220 (2005), makes the Sentencing Guidelines advisory, *Booker* does not stand for the proposition that a sentencing court must consider evidence that is incompetent and irrelevant. Rule 32(i)(4)(A)(ii), Federal Rules of Criminal Procedure, requires that the sentencing court "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence". Again, however, Rule 32(i)(4)(A)(ii) does not require that the sentencing court consider evidence that is incompetent or irrelevant. *See United States v. Kellogg*, 955 F.2d 1244, 1250-1251 (9th Cir.1992)("Although the defendant has a right of allocution at sentencing, that right is not unlimited."); *see also United States v. Muniz*, 1 F.3d 1018, 1025 (10th Cir.), *cert. denied*, 510 U.S. 1002 (1993)("[T]he judge does not have to let the defendant re-argue the case at sentencing.")

9

ACCORDINGLY, as set forth above:

1. Arnett's Application for Reconsideration of Request for Subpoena to Be Served on Diane Carol DeRosa for Sentencing Hearing is DENIED.

IT IS SO ORDERED.

**Dated:   July 16, 2006**                             /s/ Oliver W. Wanger
emm0d6                                         UNITED STATES DISTRICT JUDGE