IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S EX |
| | ) | PARTE RENEWED APPLICATION |
| Plaintiff, | ) | FOR TOOLS NECESSARY IN THE |
| | ) | 21st CENTURY TO PERFECT |
| vs. | ) | DEFENDANT'S APPEAL TO THE |
| | ) | NINTH CIRCUIT (Doc. 550) |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Arnett moves for an order that he be supplied with the following at United States' expense while incarcerated by the Bureau of Prisons:

    (1) A notepad computer loaded with the applications necessary to store notes, write rough drafts and final motions and appellate briefs;

    (2)  Full Federal Reporter and United States Reporter caselaw through Westlaw or LexisNexus [sic];

    (3)  Internet access;

    (4)  A Pacer account; and

1

       (5)  Paralegal and legal secretary services. Arnett contends that these are essential tools to adequately, effectively, and meaningfully appeal his conviction and sentence to the Ninth Circuit.  He further contends that this application "renews his earlier request made on April 19, 2005 (DOC #382 & #383), which has never been ruled on by this Court ...."

    This motion is DENIED.  The reasons stated herein are intended to incorporate and amplify the reasons for denying this motion stated in open court on July 6, 2006.

    Arnett is referring to his ex parte motion filed under seal on April 19, 2005 in which he requested the following as necessary to adequately himself at trial:

       (1) Investigator;

       (2) Firearms Expert Witnesses;

       (3)  Paralegal;

       (4)  Dell Computer, Inspiron 2200 Notebook, legal document preparation software, and printer cable ...;

       (5) Westlaw or Lexis-Nexus [sic];

       (6) Daily access to the Court's law library for 8 hours;

       (7) Unrestricted and unlimited phone and internet access for research and communication.

Also in the April 19, 2005 ex parte motion, Arnett requested the following as necessary to adequately prepare an appeal to the Ninth Circuit, petition the Supreme Court for certiorari and collaterally attack his conviction or sentence:

2

|   |   |
|---|---|
| 1 | (1) Westlaw or Lexis-Nexus; |
| 2 | (2) Internet access; |
| 3 | (3) Free photocopying of briefs and supplemental excerpts of record; and |

          (4) Dell Computer, Inspiron 2200 Notebook, legal document preparation software, and printer cable and battery charger.

    Arnett's April 19, 2005 motion was denied from the bench during hearings on pretrial motions held on July 12, 2005 and/or August 2, 2005, except to the extent that an investigator and experts were authorized and extended time in the Fresno County Jail law library was authorized for Arnett by written Order filed on August 3, 2005.  Therefore, the contention that the April 19, 2005 motion was not resolved by order is without merit.

    With respect to Arnett's request that the Bureau of Prisons be ordered to provide the designated items, the Bureau of Prisons is not a party to this action.  Arnett must make this request to the Bureau of Prisons at the appropriate time and in the appropriate procedural manner and with an appropriate showing. A district court judge only has the authority to recommend a particular institution for incarceration.  Therefore, it is; unknown and cannot be accurately predicted whether Arnett will be returned to Victorville.  .

    Furthermore, the numerous motions and pleadings filed by Arnett in this action and in the Ninth Circuit have been typed, prepared on proper pleading paper, contain a multitude of proper case citations, and articulately and correctly argued the issues

1  advanced by defendant, even if the desired conclusion is not
2  obtained.  Arnett makes a contention in the April 19, 2005 Ex
3  Parte motion that he has to handwrite his pleadings to the Ninth
4  Circuit and cannot comply with the Ninth Circuit rules in filing
5  his own appellate briefs in the absence of legal document
6  computer software.  However, the PDF versions of at least some of
7  the briefs filed by Arnett with the Ninth Circuit are in proper
8  format and are typewritten. The vast the huge volume of motions
9  and other requests Arnett ha submitted in this court are
10 typewritten.  Arnett's basic contention appears to be that
11 because the U.S. Attorney's Office and/or the Federal Defender's
12 Office has access to some of the requested equipment or services,
13 he is constitutionally entitled to the same resources.  Arnett
14 has made no showing that he has been or will be prevented from
15 adequately prosecuting an appeal in the absence of the requested
16 equipment and services.  That the U.S. Attorney and/or the
17 Federal Defender  may have access to some or all of the requested
18 items does not make them necessary to an adequate defense or
19 appeal.
20         ACCORDINGLY, as set forth above:
21      1.  Arnett's Ex Parte Renewed Application for Tools
Necessary in the 21st Century to Perfect Defendant's Appeal to
22 the Ninth Circuit (Doc. 550) is DENIED. IT IS SO ORDERED.

23 **Dated:   July 16, 2006**                  **/s/ Oliver W. Wanger**
   emm0d6                             UNITED STATES DISTRICT JUDGE