IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR NEW TRIAL FILED |
| Plaintiff, | ) | BY MS. HART (Doc. 521) AND |
| | ) | SUPPLEMENT TO MOTION FOR NEW |
| vs. | ) | TRIAL FILED BY MS. HART |
| | ) | (Doc. 584) |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On December 5, 2005, Arnett, through his attorney Ms. Hart, appointed for the purpose of filing a motion for new trial, filed a timely motion for a new trial pursuant to Rule 33, Federal Rules of Criminal Procedure, on the ground that the evidence presented at trial was insufficient to prove that the firearm was made after January 1, 1898. (Doc. 521) On May 23, 2006, Arnett, through Ms. Hart, filed a Supplement to Motion for New Trial (Doc. 584), requesting that supplemental material relevant to Arnett's contention that the testimony of the Government's experts concerning the age of the firearm is unreliable.

1

1    This statement of decision is intended to supplement the
2 findings and oral statement of decision made in open court at the
3 time of hearing of the motion.
4    These motions are DENIED.  The reasons stated herein are
5 intended to incorporate and amplify the reasons for denying this
6 motion stated in open court on July 6 and 20, 2006.
7    The motion filed on December 5, 2005 does not seek a new
8 trial; the motion seeks an acquittal on all counts instead of and
9 in place of conviction on all counts.  Because the motion
10 actually seeks an acquittal rather than a new trial,

> the court is required to approach the
> evidence from a standpoint most favorable to
> the government, and to assume the truth of
> the evidence offered by prosecution.  If on
> this basis there is substantial evidence
> justifying an inference of guilt, the motion
> for acquittal must be denied.

15 Wright, King & Klien, <u>Federal Practice and Procedure 3rd</u>, § 552,
16 pp. 466-467.
17    Prior to trial Arnett filed a Motion in Limine to Exclude
18 Testimony of Government's Firearms Expert Joseph T. Vorisek.
19 (Doc. 420).  Arnett's motion in limine was based on <u>Daubert v.
20 Merrel Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993); <u>General
21 Elec. Co. v. Joiner</u>, 522 U.S. 136 (1997), and <u>Kumho Tire Co. v.
22 Carmichael</u>, 526 U.S. 137 (1999).  The motion in limine was denied
23 by Order filed on July 18, 2005 (Doc. 453).  Arnett made a motion
24 for judgment of acquittal On August 10, 2006 after the jury
25 retired to deliberate.  The motion for judgment of acquittal was
26 based solely on the contention that no crime of violence within

the meaning of Section 824(c) because there was no evidence that Arnett had actually inflicted any physical harm on any of the victim bank tellers.  The motion for judgment of acquittal was denied.

The issue of the admissibility and sufficiency of the evidence is one for appeal, not a motion for a new trial.

On May 23, 2006, Ms. Hart filed a "Supplement to Motion for New Trial Pursuant to Federal Rule 33" (Doc. 584).  Ms. Hart requests consideration of supplemental material relevant to Arnett's contention that the testimony of the prosecution's experts concerning the age of the firearm is unreliable. In the Supplement, Ms. Hart asserts that "[d]uring the last two to three weeks, defense counsel and defendant have contacted Museum Restoration Service in Bloomfield, Ontario, Canada."  Ms. Hart avers in her declaration in support of this request:

> 2.  That on May 15, 2006, I sent a Fax to the Museum Restoration Service in Alexandria Bay, New York, which publishes the journal, *Arms Collecting*.  I have obtained a copy of their roster of publications, and they show an author Paul S. Lederer and an author S. James Gooding, who both write articles about firearms.
>
> 3.  On May 15, 2006, I received a reply from Fax number (613) 393-3378, the Fax number for arms collecting and Museum Restoration Service.  The response was from S. James Gooding, who searched the contents of *Arms Collecting* and stated that there was no Paul J. Gooding associated with a formula for dating firearms by serial number.

The Supplement to Motion for New Trial was not timely filed. At the status conference on March 3, 2006, defendant was ordered

3

1  to file any supplements to motions by April 28, 2006, with the
2  Government's response to by filed by May 22, 2006.  Ms Hart was
3  present in the courtroom when these schedules were set and was
4  served electronically with a copy of the minute order containing
5  these schedules.  In her declaration in support of the Supplement
6  to Motion for New Trial, Ms. Hart avers that she did not attempt
7  to obtain the information upon which she seeks to supplement the
8  motion for new trial until after the time to supplement the
9  motion had passed.
10       On July 5, 2006, Ms. Hart filed a Declaration of Paul S.
11 Lederer, which declaration was signed by Lederer on June 19,
12 2006.
13       By Order filed on May 24, 2006 (Doc. 585),
14           [t]he parties are advised that no further
             pleadings, motions, supplements to motions,
15           supplemental declarations or supplemental
             exhibits will be considered by the court in
16           connection with the motions set for June 9,
             2006 [sic] or in connection with sentencing
17           in the absence of express prior written
             approval and upon the strongest showing of
18           good cause for the failure to comply with the
             briefing schedule ordered on March 3, 2006.
19
     Ms. Hart did not seek or obtain prior approval to file Mr.
20
   Lederer's declaration.  At the hearing on July 6, 2006, Ms. Hart
21
   admitted that she was aware of the scheduling orders but
22
   represented that she was involved in another case and did not
23
   have time to comply.
24
        The scheduling orders were very clear.  In addition, Arnett
25
   was convicted almost a year ago.  Ms. Hart was allowed until
26

4

1  November 7, 2005 to file the motion for new trial (Doc. 498), and
2  then granted an extension until December 5, 2005 (Doc. 522).
3       Furthermore, even if the Supplement to Motion and Mr.
4  Lederer's declaration were timely filed pursuant to the court-
5  ordered schedules, Arnett is not entitled to a new trial based on
6  this supplemental information.  To obtain a new trial on the
7  basis of newly discovered evidence, a defendant must show that

> (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in an acquittal.

*United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir.1995) (quoting *United States v. Sitton*, 968 F.2d 947, 959-960 (9th Cir.1992), *cert. denied*, 507 U.S. 929 (1993).

It is clear from the record in this action that the failure to discover this potential evidence was the result of a lack of diligence.  Arnett has known since his trial and conviction in the District of Oregon in 1996 of the basis of the Government's position that the sawed off shotgun he used to perpetrate the eight separate bank and credit union robberies at issue was not an antique.  He has known since his conviction in this court on August 10, 2005 of the content of all the firearms expert testimony presented on behalf of the United States about the age of the firearm.  As noted above, Ms. Hart and Arnett were given months to file the motion for new trial and months to supplement

5

1  the motion for new trial.  Since his conviction on August 10,
2  2005, Arnett has filed a multitude of post-convictions motions in
3  this action, filed several pleadings with the Ninth Circuit and
4  two civil actions in this court.  Furthermore, the evidence
5  presented in the Supplement to Motion for New Trial and in Mr.
6  Lederer's declaration is cumulative and for impeachment  and
7  seeks a new trial merely on the admissibility and sufficiency of
8  the evidence presented by the Government at trial.  These are
9  issues for appeal.
10      ACCORDINGLY, as set forth above:
11      1.  Arnett's motion for new trial filed by Ms. Hart (Doc.
12 521) is DENIED;
13      2.  Arnett's Supplement to Motion for New Trial filed by Ms.
14 Hart (Doc. 584) is DENIED

18                                   UNITED STATES DISTRICT JUDGE**IT IS SO ORDERED.**
19 Emm0d6**Dated:   July 20, 2006**            **/s/ Oliver W. Wanger**
20                                   UNITED STATES DISTRICT JUDGE

6