IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING MOTION TO RECONSIDER SUPPLEMENT TO MOTION FOR NEW TRIAL (Doc. 614) |
| Plaintiff, | ) | |
| vs. | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| Defendant. | ) | |

On July 21, 2006 (Doc. 609), the "Order Denying Defendant's Motion for New Trial Filed By Ms. Hart (Doc. 521) and Supplement to Motion for New Trial Filed By Ms. Hart (Doc. 584)" was filed. In pertinent part, this Order noted that Ms. Hart filed the Supplement to Motion for New Trial on May 23, 2006 and ruled that the Motion for Supplement to New Trial was not timely filed pursuant to the scheduling order set forth at the status conference on March 3, 2006. On July 5, 2006, Ms. Hart filed a Declaration of Paul S. Lederer in support of the Supplement to Motion for New Trial. However, by Order filed on May 24, 2006,

1

the parties were advised that "no further pleadings, motions, supplements to motions, supplemental declarations or supplemental exhibits will be considered by the court in connection with the motions set for June 9, 2006 [sic] or in connection with sentencing in the absence of express prior written approval and upon the strongest showing of good cause for the failure to comply with the briefing schedule ordered on March 3, 2006." After noting that Ms. Hart did not seek or obtain prior approval to file Mr. Lederer's declaration and that Ms. Hart admitted at the hearing on July 6, 2006 that she was aware of the scheduling orders but was busy with another case and did not have time to comply, it was ruled:

> The scheduling orders were very clear. In addition, Arnett was convicted almost a year ago. Ms. Hart was allowed until November 7, 2005 to file the motion for new trial (Doc. 498), and then granted an extension until December 5, 2005 (Doc. 522).
>
> Furthermore, even if the Supplement to Motion and Mr. Lederer's declaration were timely filed pursuant to the court-ordered schedules, Arnett is not entitled to a new trial. To obtain a new trial on the basis of newly discovered evidence, a defendant must show that
>
>> (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in an acquittal.
>
> *United States v. Sarno*, 73 F.3d 1470, 1507

2

> (9th Cir.1995) (quoting *United States v. Sitton*, 968 F.2d 947, 959-960 (9th Cir.1992), *cert. denied*, 507 U.S. 929 (1993).
>
> It is clear from the record in this action that the failure to discover this potential evidence was the result of a lack of diligence.  Arnett has known since his trial and conviction in the District of Oregon in 1996 of the basis of the Government's position that the firearm at issue was not an antique.  He has known since his conviction in this court on August 10, 2005 of the content of the expert testimony presented on behalf of the United States.  As noted above, Ms. Hart and Arnett were given months to file the motion for new trial and months to supplement the motion for new trial.  Since his conviction on August 10, 2005, Arnett has filed numerous post-convictions motions in this action, filed several pleadings with the Ninth Circuit and two civil actions in this court.  Furthermore, the evidence presented in the Supplement to Motion for New Trial and in Mr. Lederer's declaration is cumulative and impeaching and seeks a new trial merely on the admissibility and sufficiency of the evidence presented by the Government at trial.  These are issues for appeal.

By motion filed by Ms. Hart on behalf of defendant (Doc. 614), defendant requests reconsideration of this ruling. Defendant contends that "the alleged mathematical formula was so recondite that extra effort was required to unearth the source of the information, and that defendant should not be penalized by a court finding that defendant lacked due diligence in locating the source of the formula."  In support of the requested reconsideration, defendant avers in pertinent part:

> (2) On October 11, 2005, the Eastern District's court reporter created the trial transcripts from my August 2005 trial, and mailed them to my Rule 33 attorney, Katherine Hart.  Around November 15, 2005, Hart gave me

3

1
2
3

a copy of the trial transcripts. Using those trial transcripts, on December 5, 2005, Hart filed her new trial motion, supplementing the new trial motion I had filed earlier on August 10, 2005;

4
5
6
7
8
9

(3) According to the government's chief firearms expert at trial, Joseph Vorisek, he acquired the mathematical formula he used to establish the date the firearm was manufactured, in this case, from the Canadian Journal of Arms Collecting, which was created by Dr. Paul J. Gooding, a well-known firearms researcher from California, who had published numerous articles in the United States and Canada on firearms over the last 50 years. See R.T. p. 558, lines 6-10 (August 2, 2005);

10
11
12

(4) During my earlier trial in the District of Oregon, Case No.: 95-CR-60120, Joseph Vorisek testified about this same mathematical formula, but never revealed from where the formula came from or who developed it.  See R.T. pp. 131-32 (November 5, 1996);

13
14
15
16
17
18
19
20
21
22
23
24

(5) Because of Vorisek's testimony on August 5, 2005, revealing who the creator of the formula allegedly was, around January of 2006, through the Fresno County Jail's Law Library Clerk, Tim Jacoby, I asked him to Googgle [sic] Dr. Paul J. Goodings [sic] name on the internet. Result - no hits.  I asked him to search the telephone company's white pages for him as well in California and in Canada. Result - no hits.  I then asked the law library clerk, who is actually a trained employee of the County's Public Library, to search the public library system, Barnes & Nobles [sic], and Amazon.com on the internet to ascertain if we could locate any written works by Dr. Paul J. Gooding. Result - no hits.  Because of these no hits, I presumed that Vorisek had lied to us at trial about the creator of the mathematical formula so I did not pursue this avenue of investigation any further at the time;

25
26

(6) Then, on or about April 24, 2006, I asked the law clerk in the Fresno County Jail to try Googling the name of the publisher that allegedly Dr. Paul J. Gooding had used to

4

>publish his mathematical formula - the Canadian Journal of Arms Collecting. This search resulted in a hit for a Museum Restoration Service, which also sells previously published journals from the Canadian Journal of Arms Collecting. This hit also gave a phone number which I called from the Jail's Law Library: (613) 393-2980. I called this number and spoke with Joyce Gooding. I asked her if she knew of a Dr. Paul J. Gooding. She laughed and said he did not exist.

The requested reconsideration is DENIED. As previously ruled, Ms. Hart and defendant had more than ample time to research the basis for Vorisek's testimony and have not demonstrated due diligence, especially in light of the March 3, 2006 scheduling order and the May 24, 2006 Order. Furthermore, nothing in the request for reconsideration contradicts the conclusion that the evidence presented in the Supplement to Motion for New Trial and in Mr. Lederer's declaration is cumulative and impeaching and seeks a new trial merely on the admissibility and sufficiency of the evidence presented by the Government at trial.

ACCORDINGLY, as set forth above:

1. The Motion to Reconsider Supplement to Motion for New Trial is DENIED. IT IS SO ORDERED.

**Dated:   July 31, 2006**              /s/ Oliver W. Wanger
emm0d6                                   UNITED STATES DISTRICT JUDGE