IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>    Defendant. | No. CR-F-95-5287 OWW<br><br>ORDER DENYING DEFENDANT'S APPLICATION FOR THE COURT TO CORRECT SENTENCE FOR CLEAR ERROR PURSUANT TO RULE 35(a), FEDERAL RULES OF CRIMINAL PROCEDURE (Doc. 616) |

Defendant was sentenced on July 20, 2006. Included in defendant's sentence was restitution in the amount of $101,859.78, the total amount he stole from the seven banks and credit unions which were victims of his armed robberies.

On July 26, 2006, defendant filed an "Application by Defendant for the Court to Correct His Sentence for Clear Error" pursuant to Rule 35(a), Federal Rules of Criminal Procedure, contending that the Mandatory Victim's Restitution Act of 1996 does not apply because his crimes were completed before it was enacted in 1996.

1

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from a arithmetical, technical, or other clear error." Rule 35(c) defines "sentencing" to mean "the oral announcement of the sentence." Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, the day oral pronouncement of sentence and intermediate Saturdays and Sundays are excluded in calculating the 7 day period. Rule 45(b)(3) provides that the court may not extend the time to take any action under Rule 35, except as provided in Rule 35. Defendant filed the motion within the 7 day period. However, the district court must also act on the Rule 35(a) motion, vacate the sentence and resentence the defendant within that seven day period or it loses jurisdiction to do so. *See United States v. Penna*, 319 F.3d 509, 511-512 (9th Cir.2003) and cases cited therein. The 7 day period elapsed on July 31, 2006. Consequently, the court lacks jurisdiction to rule on defendant's motion.

Arguendo, if the court had jurisdiction, Although defendant correctly notes that the Mandatory Victim's Restitution Act of 1996 was enacted before his crimes were committed, defendant argues that the court cannot "impose a restitution amount defendant is capable of satisfying before he dies in prison." The court is not prohibited from imposing a restitution amount in a sentence upon a defendant who is indigent. United States v. Bachsian, 4 F.3d 796, 800 (9th Cir. 1993). Current financial status is one factor to be considered in ordering

2

restitution.  United States v. Smith, 944 F.2d 618,624 (9th Cir. 1991).  The law does not require a finding that the defendant has the ability to pay restitution, rather there must be some evidence in the record that the defendant may be able to pay the amount of restitution ordered at some time in the future. Bachsian, 4 F.3d at 800.

Defendant argued that his life expectancy is approximately 22 years and his prison earnings, if he can get a job will be around $50.00 per month.  The court observed that some portion of defendant's prison earnings could be applied to restitution and that defendant could seek a reduction in the amount in the future if there was no viable prospect of repayment.  The pre-sentence investigation report re sentence examined defendant's employment history and financial condition.  The court observed that periodic payments from prison earnings were appropriate.  United States v. Martin, 278 F.3d 988, 1006 (9th Cir. 2002), 18 U.S.C. 3664 (f)(3) (this is the 1996 Act).  The law was not different as to periodic payments before the 1996 enactment.

For the reasons set forth above:

1.  Defendant's Application for the Court to Correct His Sentence for Clear Error pursuant to Rule 35(a), Federal Rules of Criminal Procedure is DENIED

IT IS SO ORDERED.

**Dated:   August 3, 2006**                           **/s/ Oliver W. Wanger**

3

1  emm0d6                              UNITED STATES DISTRICT JUDGE

4