IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-95-5287 OWW |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO VACATE JURY'S |
| Plaintiff, | ) | VERDICT FOR FAILURE TO FIND |
| | ) | SECTION 924(c)(1)'S |
| vs. | ) | JURISDICTIONAL ELEMENT AT |
| | ) | TRIAL (Doc. 605) |
| | ) | |
| TIMOTHY WAYNE ARNETT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On July 19, 2006, defendant, proceeding in pro per, filed a "Motion to Vacate the Jury's Verdict for Failure to Find Section 924(c)(1)'s Jurisdictional Element at Trial." (Doc. 605).

Jury Instruction No. 13 (Doc. 483) instructed the jury in pertinent part as follows:

> The indictment charges defendant in seven counts of Using or Carrying a Firearm During and In Relation to a Crime of Violence in violation of Section 924(c) of Title 18 of the United States Code.
>
> In order for the defendant to be found guilty of these charges, the government must prove each of the following elements as to each

1

count beyond a reasonable doubt:

> First, the defendant committed a crime of violence, alleged to be armed bank robbery;
>
> Second, the defendant knowingly used or carried a firearm; and
>
> Third, the defendant used or carried the firearm during and in relation to the crime of violence.

The term 'crime of violence' as used in this instruction means an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or an offense that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Armed bank robbery is a felony.

Each of Counts 2, 4, 6, 8, 10, 12 and 14 of the indictment charges that the crime of violence defendant committed was 'armed bank robbery.' Defendant is charged with using or carrying a firearm during and in relation to each robbery:

> In Count 2 of the Union Safe Deposit Bank in Salida, California, on August 29, 1994,
>
> In Count 4 of the Bank of America in Ripon, California, on November 23, 1994,
>
> In Count 6 of the American Savings Bank in Modesto, California, on January 18, 1995,
>
> In Count 8 of the American Savings Bank in Turlock, California, on January 18, 1995,
>
> In Count 10 of the First Interstate Bank in Modesto, California, on April 15, 1995,

2

|     |     |
| --- | --- |
| 1   | In Count 12 of the Stockton Savings Bank in Atwater, California, on May 11, 1995, and |
| 2   | |
| 3   | In Count 14 of the Schools Federal Credit Union in Elk Grove, California, on June 1, 1995. |
| 4   | |

To establish that defendant committed the armed bank robbery, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant took money belonging to, or in the care, custody and control of the bank or credit union on the date identified in that count of the indictment.
>
> Second, the defendant knowingly used force, violence, or intimidation in doing so,
>
> Third, the deposits of the bank identified in that count were then insured by the Federal Deposit Insurance Corporation, or the accounts of the credit union identified in that count were then insured by the National Credit Union Administration; and
>
> Fourth, when committing the robbery, the defendant intentionally assaulted or put in jeopardy the life of any person in the bank or credit union by making a display of force by use of a firearm, a dangerous weapon, which reasonably caused the bank or credit union employee to fear bodily harm.

...

A 'bank' is any institution whose deposits are insured by the Federal Deposit Insurance Corporation.

A 'credit union' is any federal or state chartered institution whose accounts are

3

> insured by the National Credit Union Association.

Noting that Section 924(c)(1)(A) provides in pertinent part that the firearm must be used or carried during a crime of violence "for which the person may be prosecuted in a court of the United States", defendant argues that "[b]ecause the Court's instructions and the jury's verdict fails to establish that the jury necessarily determined that he 'may be prosecuted in a court of the United States,' the jury's verdict must be set aside for lack of a jurisdictional finding by the jury."[1]

In support of this contention, defendant cites *United States v. McLemore*, 28 F.3d 1160 (11th Cir.1994). In *McLemore*, the defendant was convicted of transferring a firearm that he knew would be used to commit a crime of violence in violation of 18 U.S.C. § 924(h). The crime of violence was solicitation to commit murder. The district court ruled that it was unclear whether Congress intended to include a state law crime of violence as a basis for a violation of Section 924(h) and, applying the rule of lenity, dismissed the indictment as failing to allege conduct that would constitute a violation of Section 924(h). The Eleventh Circuit affirmed, stating that the "sole issue is whether or not section 924(h) is ambiguous in its intention to allow a state-law crime to serve as a predicate

---

[1] Defendant did not submit a proposed jury instruction or verdict form stating that the elements of Section 924(c)(1) included that the crime of violence be one for which defendant may be prosecuted in a court of the United States. *See* Doc. 490.

4

'crime of violence' for prosecution under section 924(h)." 28 F.3d at 1162.

Defendant cites the following comment in *McLemore* as supporting his contention that the jury must find that armed bank robbery is a crime of violence for which defendant may be prosecuted in a court of the United States as an element of Section 924(c)(1):

> Subsection 924(c)(1), as discussed above, is limited in scope to 'crime[s] of violence ... for which [a defendant] may be prosecuted in a court of the United States.' 18 U.S.C. § 924(c)(1). That explicit federal crime limitation, however, is notable because it is the only federal nexus involved in that statute.

28 F.3d at 1164.

*McLemore* is not on point and does not constitute authority that the instructions to the jury and the jury's verdicts must include an explicit finding that the armed bank robberies were crimes of violence for which defendant may be prosecuted in a court of the United States. As has been previously ruled in this action, whether a particular felony is a "crime of violence" within the meaning of Section 924(c)(1) is a question of law to be determined by the court, not the jury, under the categorical analysis set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Amparo*, 68 F.3d 1222 (9th Cir.), *cert. denied*, 516 U.S. 1164 (1995); *see also United States v. Piccolo*, 441 F.3d 1084) (9th Cir.2006).

Furthermore, even if error was committed by failing to

5

1  instruct the jury of the element that the crimes of violence must
2  be crimes for which defendant may be prosecuted in a court of the
3  United States, such failure is subject to harmless error
4  analysis.  *See United States v. Alerta*, 96 F.3d 1230, 1235 (9th
5  Cir.1996), *quoting Roy v. Gomez*, 81 F.3d 863, 867 (9th
6  Cir.1996)("'[T]he error is harmless only if review of the facts
7  found by the jury establishes that the jury *necessarily* found the
8  omitted element.'").  Here, a copy of the redacted judgment of
9  defendant's convictions of armed bank robbery in violation of 18
10 U.S.C. §§ 2113(a) and 2113(d) in the Eastern District of
11 California was admitted at the trial in August, 2005, as relevant
12 prior convictions because they are underlying predicate crimes.
13 Evidence that the deposits of the banks and credit union robbed
14 by defendant were federally insured was admitted as well.
15 Defendant admitted during his closing argument to the jury that
16 he had robbed the banks and the credit union.  The jury was
17 instructed that they must find beyond a reasonable doubt that
18 "the deposits of the bank identified in that count were then
19 insured by the Federal Deposit Insurance Corporation, or the
20 accounts of the credit union identified in that count were then
21 insured by the National Credit Union Administration" and were
22 further instructed that "[a] 'bank' is any institution whose
23 deposits are insured by the Federal Deposit Insurance
24 Corporation" and that "[a] 'credit union' is any federal or state
25 chartered institution whose accounts are insured by the National
26 Credit Union Association."  This record establishes that the jury

1  necessarily found that the armed bank robberies committed by
2  defendant were crimes for which defendant may be (and was)
3  prosecuted in a court of the United States and moref than
4  adequately established federal nexus.
5      For the reasons set forth above:
6      1.  Defendant's "Motion to Vacate the Jury's Verdict for
7  Failure to Find Section 924(c)(1)'s Jurisdictional Element at
8  Trial" is DENIED.
9  IT IS SO ORDERED.
10 **Dated:   August 3, 2006**                     **/s/ Oliver W. Wanger**
   emm0d6                                          UNITED STATES DISTRICT JUDGE