1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,        )        No. CR-F-95-5287 OWW
                                      )
10                                    )        ORDER DENYING PETITIONER'S
                                      )        MOTION FOR STATEMENT FROM
11                                    )        COURT IN RESPECT TO
                          Plaintiff/  )        PETITIONER'S PLACEMENT IN A
12                        Respondent, )        RESIDENTIAL RE-ENTRY CENTER
                                      )
13            vs.                     )
                                      )
14                                    )
    TIMOTHY WAYNE ARNETT,             )
15                                    )
                                      )
16                        Defendant/  )
                          Petitioner. )
17                                    )
    _____)
18

19        On January 9, 2009, Timothy Wayne Arnett, proceeding *in pro

20   *per*, filed a motion requesting the Court "pursuant to its

21   supervisory powers for a statement in respect to the Court's

22   recommendation as to the timing of defendant's placement in a

23   Residential Re-Entry Center."

24        Arnett is serving a 300 month sentence for multiple counts

25   of armed bank robbery and use of a firearm during a crime of

26   violence pursuant to the Second Amended Judgment imposed by the

                                      1

Court on September 10, 2007.  Arnett is currently incarcerated at Lompoc United States Penitentiary.

On November 10, 2008, Arnett filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California, Case No. 08-7419 DDP (E), alleging:

> Ground One: Petitioner's request to be immediately transferred to a halfway house was denied proper statutory consideration by the Federal Bureau of Prisons.
>
> Supporting facts: Pursuant to Rodriguez v. Smith, 541 F.3d 1180, 1189 (9th Cir.2008), a federal prisoner is entitled to consideration of his request for immediate transfer to a RRC ('halfway house'), taking into account only the factors enumerated in 18 U.S.C. § 3621(b), in 18 U.S.C. § 3624(c), as amended by The Second Chance Act, and FBOP policy governing pre-release placement.  Petitioner requested an immediate transfer to a halfway house to serve the remainder of his sentence as Rodriguez did.  The FBOP responded and did precisely what Rodriguez forbid.

The Central District has ordered Respondent to file a response to the Petition for Writ of Habeas Corpus by February 5, 2009.

18 U.S.C. § 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> > (1) the resources of the facility contemplated;

   **(2) the nature and circumstances of the offense;**

   **(3) the history and characteristics of the prisoner;**

   **(4) any statement by the court that imposed the sentence -**

    **(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or**

    **(B) recommending a type of penal or correctional facility as appropriate; and**

   **(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.**

  **In *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir.2008), the Ninth Circuit held that BOP regulations in 28 C.F.R. §§ 570.20 and 570.21, limiting the time during which an inmate is eligible for placement in an RRC to the final ten percent of his sentence, or six months, whichever is shorter, conflict with the plain language of Section 3621(b) that an inmate may be considered for transfer at any time.  The Ninth Circuit affirmed the District Court's order granting a petition for writ of habeas corpus that the BOP promptly consider Rodriguez for transfer to an RRC without reference to the regulations.**

  **Arnett asserts that "[a]t issue here is only factor 4(B), where there is no statement from the Court in the record in respect to its recommendation to the FBOP as to the timing of defendant's placement in a RRC."  Arnett contends that,**

subsequent to *Rodriguez v. Smith*, he requested that BOP immediately transfer him to an RRC.  Arnett contends that, "[b]ecause he did so and the Court had not made a prior recommendation on this subject matter, the FBOP must 'solicit the views of the sentencing judge' as to whether he would recommend immediate transfer to a RRC, or at what alternate date."  In his supporting declaration, Arnett avers:

> (4) It is common practice for the FBOP to solicit a statement from the sentencing judge when an inmate makes the kind of request I did.  In my case they did not.  I am submitting the instant application as a result of their neglect[.]

Arnett relies on *United States v. Pineyo*, 112 F.3d 43 (2nd Cir.1997) and *Barden v. Keohane*, 921 F.2d 475 (3rd Cir.1990).

Neither of these cases support Arnett's contention that the BOP must solicit a statement from the sentencing Court concerning Arnett's requested transfer to an RRC and/or the date on which such a transfer occur.  At issue in *Pineyo* and *Barden* was the authority of the BOP to designate a state prison as the place of confinement.  In those cases, the sentencing court's view whether it would have intended the federal sentence to run concurrent to the state sentence was requested by the BOP.  Arnett cites no authority and the Court can find none that the BOP is required to solicit the post-sentencing view of the sentencing judge whether transfer to a Residential Re-Entry Center is appropriate.  It appears that this factor may be determined by BOP review of the transcript of sentencing.

1      Further, Arnett's request is that this Court issue such a

2 statement in advance of the resolution of his Petition for Writ

3 of Habeas Corpus pending in the Central District is premature.

4 If Arnett's Petition for Writ of Habeas Corpus is granted and the

5 BOP is required to consider his request for transfer to a RRC,

6 the BOP can then solicit any statement it feels appropriate from

7 this Court.

8      For the reasons stated, Timothy Wayne Arnett's motion for

9 statement from the Court in respect to his placement by the

10 Bureau of Prisons in a Residential Re-entry Center is DENIED.

11     IT IS SO ORDERED.

12 **Dated:   January 13, 2009          /s/ Oliver W. Wanger**
                                           UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26