IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/<br>Respondent,<br><br>vs.<br><br>TIMOTHY WAYNE ARNETT,<br><br>Defendant/<br>Petitioner. | No. CR-F-95-5287 OWW<br><br>ORDER DIRECTING UNITED STATES TO RESPOND PETITIONER'S MOTION TO MODIFY SECOND AMENDED JUDGMENT WITHIN 20 DAYS |

Timothy Wayne Arnett, a federal prisoner proceeding *in pro per*, has filed a motion to modify the second amended judgment issued in this criminal case on September 18, 2007. Specifically, Arnett moves the Court "to modify his restitution payments to be made from here [Lompoc FCC Medium] directly to the Court Clerk, and not through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, pursuant to 18 U.S.C. §

3664(k)."[1]

The second amended judgment ordered Arnett to pay special assessments of $700.00 and restitution in the amount of $101,859.78. The $700.00 special assessment was due immediately. Restitution was ordered to be paid in equal quarterly installments of $25.00 until paid. The second amended judgment further ordered:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Petitioner asserts that he has made the $25.00 quarterly payments on December 8, 2008, March 9, 2009, and June 8, 2009 through the BOP Inmate Financial Responsibility Program. Petitioner contends:

> Due to the economic recession, Federal Bureau of Prisons' cutbacks, and overcrowding, inmate institutional jobs are scarce. And what few jobs there are, the Federal Bureau of Prisons' pays inmates but a fraction of what they use [sic] to pay, which was not much in the first place. As a result, defendant's [sic] prison work performance pay each month does not provide him with enough income to purchase basic essentials such as soap, shampoo, toothpaste, etc., any pay his quarterly restitution payments.

Petitioner asserts that his "family periodically sends him a

---

[1]Petitioner noticed the motion for hearing on July 27, 2009 at 10:00 a.m. The hearing date is VACATED pending receipt of the further briefing ordered herein.

money order gift to cover essential hygiene requirements and his restitution quarterly payments, which the FBOP collects and forwards to the Clerk of the Court."  Petitioner contends that he cannot rely on these gifts from his family being made timely and in compliance with the FBOP's policy of collecting $25.00 each quarter before the tenth of the month.  If Petitioner does not comply with this cut-off date, the Inmate Financial Responsibility Program sets forth certain adverse consequences. Petitioner asserts:

> Defendant [sic] strongly desires to comply with the Court's restitution Order and make payments of $25.00 each quarter in March, June, September and December of each year. To ensure that he does comply without suffering further ancillary consequences from the Bureau of Prisons, and to make things much simpler on his family, defendant [sic] respectfully requests that the Court modify Page 7 of his Judgment as follows, or as the Court deems appropriate:
>
> > Payment of criminal monetary penalties is due during imprisonment.  All criminal penalties, payments in equal installments of $25.00 over a period until paid, are to be made directly to the Clerk of the Court by the defendant or his relatives, and not through the Federal Bureau of Prisons' Inmate Financial Responsibility Program.

The United States is ordered to respond to Petitioner's motion.  The United States' response shall include its position concerning this Court's jurisdiction to grant the requested relief either directly in this criminal case or through 28 U.S.C. §§ 2241 or 2255.  The United States' response shall be filed

1 **within 20 days of the filing date of this Order.  Petitioner's**
2 **reply, if any, shall be filed within 15 days thereafter.  All**
3 **further proceedings shall be by order of the Court.**
4     IT IS SO ORDERED.
5 **Dated:   July 14, 2009**                    /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE