1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY WAYNE ARNETT,<br><br>Petitioner. | CASE NO. 1:95-CR-005287-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO COMPEL A RULE 35(B) MOTION FOR SENTENCE REDUCTION<br><br>(ECF Nos. 689, 690) |

Before the Court are Petitioner Timothy Wayne Arnett's *pro se* "Motion Requesting Court to Hold Evidentiary Hearing Compelling Third-Party Rule 35(b) Sentence Reduction" (ECF No. 689), and "Motion to Compel Production of United States Attorney's Office Policies Regarding Third-Party Substantial Assistance Motions" (ECF No. 690). The Government filed its Opposition to the motions on Mary 4, 2016 (ECF No. 692). Upon review of the parties' briefing, the extensive record in the case, and the relevant law, the Court DENIES Petitioner's motions.

**I.     BACKGROUND**[1]

In February of 1997, Defendant pleaded not guilty (ECF No. 8) to a fourteen-count indictment (ECF No. 1), seven counts of Armed Bank Robbery (18 U.S.C. 2113(a) and (d)) (Counts 1, 3, 5, 7, 9, 11, 13); and seven counts of Use of a Firearm During a Crime of Violence (18 U.S.C. 924(c)(1))

---

[1] While this background is meant to review the procedural history in this case, it is not exhaustive.

(Counts 2, 4, 6, 8, 10, 12, 14). After a delay due to Defendant's transfer between jurisdictions (*see* ECF Nos. 2-4), Judge Robert Coyle held that a period in late 1997 was excludable time for the purposes of the speedy trial act (ECF No. 47). In July 1997, Defendant moved that he be appointed as co-counsel (ECF Nos. 22, 24), which Judge Coyle initially Denied (ECF No. 23). Subsequent to a hearing on August 11, 1997, Judge Coyle granted Defendant's request to be appointed co-counsel in his case (ECF No. 29) and relieved counsel John Garland (ECF No. 30). Defendant filed multiple motions to dismiss the indictment (ECF Nos. 39), which the court denied (ECF No. 46). Trial was set for March 1998 (ECF No. 56). The Court denied Defendant's motions *in limine*. (ECF Nos. 62, 76, 82, 83).

*First Trial*

On March 4, 1998, subsequent to a jury trial, the jury returned a guilty verdict on all fourteen counts (ECF Nos. 113, 116).  Defendant filed various post-trial motions, which the Court denied (ECF Nos. 121-123, 129; 126, 127, 131). Defendant moved for reconsideration of discovery motions, which the Court denied (ECF Nos. 135, 139). Upon Defendant's request, the Court appointed attorney Kevin Little to appear and later as counsel for Defendant for all purposes (ECF Nos. 136, 137, 146). In August 1998, Defendant twice moved for the judge's recusal and for a stay in proceedings, which the Court denied. (ECF Nos. 177 & 178; 179 & 181).

*First Sentencing*

On August 24, 1998, Judge Coyle sentenced Defendant Arnett to serve 235 months imprisonment as to counts 1, 3, 5, 7, 9, 11, and 13, and as to count 1 in the District of Oregon; 240 months each as to counts 2, 4, 6, 8, 10, 12, 14, consecutive to each other and consecutive to count two of District of Oregon, for a total of 1,915 months custody); 60 months supervised release; $700 penalty assessment; and $101,859.78 restitution. *See* ECF No. 183, 186 (Judgment and Commitment).

*First Appeal*

On September 3, 1998, Arnett filed a notice of appeal (ECF No. 190, "the first appeal"), and the Ninth Circuit subsequently issued the case number 98-10397 (ECF No. 201). The district court granted Arnett's application to proceed *in forma pauperis* (ECF Nos. 191, 196).

On August 27, 1998, Arnett filed a first motion for a new trial and also requested a hearing on the motion (ECF Nos. 184, 187), which the Court denied on September 9, 1998 (ECF No. 197). On September 16, 1998, Arnett again requested a new trial (ECF No. 198), which the district court again denied (ECF No. 203).

*Second Appeal*

On September 29, 1998, Defendant filed a notice of appeal (ECF No. 204, "the second appeal") of the Court's September 9, 1998 Order (ECF No. 197) denying his motion for a new trial. In this second appeal, the Ninth Circuit issued case number 98-10445 (ECF No. 215). The Ninth Circuit ordered the defendant-appellant to retain counsel, file a motion for appointment of counsel, or inform the court of his intention to represent himself (ECF No. 214).

*Resolution of the First Appeal*

On February 22, 2000, the Ninth Circuit vacated the district court's judgment (ECF No. 237); insert CITE *United States v. Arnett,* -- F.2d -- (9th Cir. 2000).On February 25, 2000, Judge Coyle rendered an Order in which he denied Defendant's motion for a new trial and set sentencing for March 27, 2000 (ECF No. 239).

On February 28, 2000, Defendant filed the following motions: to dismiss the indictment (ECF No. 240); for a new trial pursuant to Rule 33 based on grounds that false evidence was presented at trial (ECF No. 241); for a new trial based on an invalid Miranda waiver (ECF No. 242); for a new trial pursuant to Rule 33 on the grounds of improper jury instructions (ECF No. 244); and, for reconsideration of the Court's Order denying a motion for a new trial (ECF No. 245), which the district court denied (ECF Nos. 246-249).

*Second Sentencing*

On March 27, 2000, Judge Coyle sentenced Defendant Arnett to be imprisoned for a total term of 1,915 months, consisting of: 235 months on Counts 1, 3, 5, 7, 9, 11, 13 (to be served concurrently with each other and concurrently with Count 1 of Case No. CR-95-60120-1 in the D. of Oregon); terms of 240 months on Counts 2, 4, 6, 8, 10, 12, 14 (to be served consecutively to the terms imposed in the odd-numbered counts); and further ordered that the terms imposed in the even-numbered counts be served consecutively to the 120 months terms imposed in Count 2 of the

Oregon case; a $700 special assessment; and, $101,859.78 restitution. *See* ECF No. 250 (Judgment and Commitment issued March 29, 2000).

*Third Appeal*

On March 30, 2000, Arnett filed a notice of appeal (ECF No. 251), and, on April 28, 2000, filed a second notice of appeal to the Ninth Circuit (ECF No. 258), which issued case number 00-10170 (ECF No. 260) ("the third appeal"). The district court granted Arnett's request to proceed *in forma pauperis* (ECF No. 256). About this third appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded to the district court (ECF No. 279). *See* INSERT CITE TO 9TH CIRCUIT CASE.

At a hearing held February 2, 2004, the district court acknowledged the Ninth Circuit's decision reversing and remanding for retrial the seven 924(c) counts, and set a new trial for February 17, 2004 before Judge Coyle (ECF No. 276).

Without filing a notice, in February and again in May 2004, Arnett moved to dismiss the indictment (ECF No. 277) or, alternatively, transfer the case to the District of Oregon (ECF No. 283). The district court ordered Defendant to comply with the court's notice requirement (ECF Nos. 285, 289), and Arnett filed an amended notice of his motion and a motion to dismiss the indictment based on the double jeopardy clause of the U.S. Constitution, or, in the alternative, transfer the case to the District of Oregon (ECF No. 292), which the government opposed (ECF No. 295). Subsequent to a hearing held September 27, 2004, Judge Coyle granted Defendant's motion for self-representation (ECF No. 302).

Subsequent to a hearing held October 4, 2004 (ECF No. 303), on Defendant's motion to dismiss the indictment or, alternatively, to transfer the case to the District of Oregon (ECF No. 292), and also on Defendant's motion requesting that the Clerk of Court date, sign, and file his interlocutory notice of appeal (ECF No. 291), Judge Coyle rendered an Order denying Defendant's motions (ECF No. 304).

*Fourth Appeal*

On October 14, 2004, Defendant filed a notice of appeal to the Ninth Circuit of the district court's order denying his motion to dismiss the indictment (ECF No. 306, "the fourth appeal"),

relative to which the Ninth Circuit issued case number 04-10575 (ECF No. 313). In November 2004, Defendant filed a notice of motion and motion to dismiss the indictment on the grounds that it failed to state a Section 924 (c)(1) offense, as well as a notice of motion and motion to stay the trial pending the outcome of his application for a stay from the Ninth Circuit (ECF Nos. 309, 310). The Ninth Circuit denied these motions (ECF No. 321).

As such, on November 22, 2004, Judge Coyle denied Defendant's motion to stay the trial pending the outcome of the Ninth Circuit's review of that motion (ECF No. 324); to dismiss the indictment (ECF No. 325); and, his request for the return of the collected assessments and court costs (ECF No. 323).

*Fifth Appeal*

About the latter (ECF No. 323), Defendant filed a notice of appeal to the Ninth Circuit (ECF No. 328, "the fifth appeal"), about which the circuit court issued case number 04-10650 (ECF No. 335).

On November 29, 2004, Defendant Arnett again filed a notice of motion and motion to dismiss the indictment on the grounds that it failed to allege the requisite *mens rea* (ECF No. 326), which the district court denied (ECF No. 336). Judge Coyle ordered that the Federal Defender's Office ("FDO") appoint stand-by counsel to assist defendant for a limited purpose (ECF No. 339), and attorney Robert Rainwater was added as stand-by counsel (ECF No. 352). At a status conference on February 28, 2005, a jury trial was set for April 25, 2005 (ECF No. 356).

On March 4, 2005, Defendant Arnett moved for new stand-by counsel (ECF No. 358), and on that motion the Court held a hearing on March 14, 2005 (ECF No. 363). Also, on March 9, 2005, Defendant moved to dismiss the indictment on the grounds of a violation of his Fourth Amendment Rights, and requested the court's permission to be heard on two more pretrial motions (ECF No. 359, 360). Next, on March 15, 2005, Arnett moved to suppress his confession (ECF No. 364). The next day, Arnett moved to allow independent inspection of the shotgun and to postpone trial (ECF No. 366). On March 21, 2005, Judge Coyle held a hearing on the motions to dismiss and to inspect the firearm (ECF Nos.359, 366), and subsequently continued the jury trial to June1, 2005 (ECF No. 372). On March 28, 2005, Judge Coyle held a hearing on the motion to suppress Arnett's

confession (ECF No. 379), and the following day relieved the FDO as advisory counsel (ECF No. 377).

*Case Transferred to Judge Wanger*

On March 30, 2005, the Clerk of Court transferred the action from Senior Judge Coyle's docket to the docket of Judge Oliver W. Wanger, and Judge Coyle subsequently rendered an Order transferring the action to Judge Wanger's docket for all further proceedings (ECF Nos. 378, 384). On April 14, 2005, Defendant Arnett filed a notice of Writ and Petition for Writ of Mandamus (ECF No. 380). On May 11, 2005, Judge Wanger rendered an Order denying Defendant's motion to dismiss the indictment (ECF Nos. 359, 388). At a motions hearing before Judge Wanger held on May 16, 2005, the Court granted the motion to continue the jury trial, set a motions hearing and trial confirmation hearing for July 11, 2005, and set trial for August 2, 2005 (ECF No. 392).

On May 20, 2005, Defendant filed a supplemental motion to suppress his confession (ECF No. 396), about which he filed a response four days later (ECF No. 397). In June and July 2005, Defendant filed various motions *in limine*, which the Court denied (ECF Nos. 447, 448, 451, 453-455). At the status conference held June 30, 2005, Defendant moved to continue the trial, which the Court denied (ECF No. 418). On July 7, 2005, Defendant again moved to dismiss the indictment (ECF No. 430), which the Court denied (ECF No. 454). Judge Wanger held a motions hearing on July 11 and 12, 2005, and subsequently set the jury trial for August 3, 2005. (ECF Nos. 441, 445).

On July 29, 2005, Defendant filed a notice of motion and motion to vacate under 28 U.S.C. 2255, and related motions (ECF Nos. 464-467), which the Court dismissed as premature (ECF No. 504). At a hearing on August 2, 2005 regarding Defendant's motion to suppress, Defendant withdrew those motions (ECF No. 469).

*Second Trial*

On August 3, 2005, a jury trial commenced and ultimately spanned five days before Judge Wanger (ECF Nos. 472; 512-517, Transcripts of Jury Trial Days one through five). On August 8, 2005, Judge Wanger rendered an Order (ECF No. 477) in which the Court denied Defendant's motions to suppress (ECF No. 364, 396), and denied the two remaining motions *in limine* (ECF No. 398, 407). The jury began deliberations on August 9, 2005, and the matter continued to August 10,

2005 (ECF No. 479, 480). On August 10, 2005, the jury returned a guilty verdict as to Counts 2, 4, 6, 8, 10, 12, 14—all seven counts—and sentencing was set for October 24, 2005 (ECF No. 480, 485-489, 492).

On August 16, 2005, Defendant moved for appointment of counsel and a new trial (ECF No. 494). The district court granted Arnett's request for counsel in preparation of the motion for new trial, and set a status conference for August 29, 2005 (ECF No. 497, 498). On September 13, 2005, the district court entered judgment as to Defendant Arnett (ECF No. 505).

*Resolution of Third Appeal*

On September 28, 2005, the Court of Appeals for the Ninth Circuit affirmed the district court as to the third appeal (Case No. 00-10170). *See* ECF No. 509.

On December 5, 2005, Defendant moved for a new trial pursuant to Rule 33 (ECF No. 521); a notice of motion and application for personal subpoena and subpoena duces tecum to be served (ECF No. 523); and a notice of motion and demand for a speedy trial, or, alternatively, to dismiss the indictment with prejudice for noncompliance with the speedy trial act, appointment of counsel for this purpose, and an evidentiary hearing (ECF No. 524). On February 3, 2006, Defendant moved to vacate his motion to withdraw substitution (ECF No. 535), and three days later he filed a motion to withdraw his motion for substitution of counsel (ECF No. 539).

On February 16, 2006, Defendant filed a notice and ex parte application for an immediate order to the Fresno County Jail to provide him with 8 hours of library time, and access to a typewriter (ECF No. 541), which the Court granted (ECF No. 540). Also on February 16, 2006, Defendant filed a notice of motion and "Defendant's Objections" to Judge Wanger's authority to preside over the proceedings (ECF No. 542). On February 27, 2006, Defendant filed the following: a notice and ex parte "renewed application for the tools necessary, in the 21st century, to perfect Defendant's appeal to the Ninth Circuit" (ECF No. 550); and a notice and "Defendant's motion to stay any further proceedings until the Court of Appeals rules on his petition to modify and/or recall mandate" (ECF No. 551). On March 1, 2006, Defendant filed the following: a notice and "appellate record supporting Defendant's prior motions to dismiss indictment" (ECF No. 552); and, a notice and supporting exhibits regarding objections to his presentence report (ECF No. 555). On March 2,

2006, Defendant filed a notice and ex part declaration in support of Defendant's request that the court recommend U.S.P. Lompoc for Defendant's incarceration and for the resources necessary for a perfect [sic] an appeal" (ECF No. 553); and a notice and Defendant's objection to his presentence report (ECF No. 554).

The Court held a status conference before Judge Wanger on March 3, 2006, setting deadlines and a date for a motions hearing (ECF No. 556). On March 7, 2006, the Court denied Defendant's application for an order to the Bureau of Prisons (ECF Nos. 500, 559).

On March 10, 2006, Defendant filed a motion for a new trial (ECF No. 561).

*Third Appeal: No Recalled Mandate*

On March 20, 2006, the Court of Appeals for the Ninth Circuit denied Defendant's motion to recall the mandate in Case No. 00-10170. *See* ECF No. 563.

On April 6, 2006, Defendant filed a notice of motion and a request for discovery (ECF No. 564). On April 25, 2006, Defendant filed a notice and amended objection to the presentence report (ECF No. 565). On April 28, 2006, Defendant filed various notices and applications (ECF Nos. 564-571), including a notice and Defendant's additional declarations in support of his motion to dismiss the indictment (ECF No. 569). On May 5, 2006, Defendant filed a notice and application to be released on his own recognizance (ECF No. 570). On May 18, 2006, Defendant filed a motion for leave of the Court to file another sentencing objection (ECF No. 578). On May 23, 2006, Defendant filed a supplemental motion for a new trial (ECF No. 584). On May 24, 2006, Defendant filed a notice and additional documents in support of his motion to dismiss the indictment (ECF No. 587).

*Resolution of the Fourth Appeal*

About the fourth appeal (Case No. 04-10575), the Court of Appeals for the Ninth Circuit on May 22, 2006, <u>affirmed</u> the district court's denial (*see* ECF Nos. 304) of Defendant's motion to dismiss the indictment based on the double jeopardy clause. *See* ECF No. 646.

On May 24, 2006, Judge Wanger continued the previously set hearings to June 8, 2006 (ECF No. 585). Due to an ongoing, unrelated trial, the Court vacated the motions hearing and advised that a new date would be forthcoming (ECF No. 589).

On July 5, 2006, the Court denied Defendant's motion objecting to Judge Wanger's authority to preside over proceedings (ECF No. 593). The Court held a motions hearing on July 7, 2006, at which Judge Wanger denied Defendant's motions to dismiss the indictment, denied the motion for case assignment, and continue oral argument on the motion for a new trial to July 20, 2006, and set sentencing for that same date (ECF No. 595). The Court held the motions hearing as scheduled on July 20, 2006 (ECF No. 600). On July 17, 2006, Judge Wanger denied Defendant's motion to be released on his own recognizance (ECF No. 601).

On July 17, 2006, Defendant filed the following: an ex parte application for an order direction the U.S. Marshals to transport or ship Defendant's legal documents to his place of incarceration (ECF No. 606); and, an application for Judge Wanger to depose Deputy Clerk R. Balli on the record regarding Defendant's motion to dismiss the indictment (ECF No. 607). On July 18, 2006, the Court: denied Defendant's application to be free from shackling during all judicial proceedings (ECF Nos. 566, 602); and, denied Defendant's ex parte renewed application "for tools necessary in the 21st century" (ECF Nos. 550, 604).

On July 19. 2006, Defendant filed a notice and "Motion to Vacate the Jury's Verdict for Failure to Find Section 924 (c)(1)'s Jurisdictional Element at Trial" (ECF No. 605).

On July 20, 2006, the Court rendered an Order (ECF No. 608) denying the following: Defendant's motion for a speedy trial or to dismiss the indictment (ECF No. 524); his request for discovery (ECF No. 564); requests for subpoenas (ECF Nos. 523, 575, 577); and his application to publish a prior decision (ECF No. 536).

*Sentencing After Guilty Verdict on All Counts Subsequent to Second Jury Trial*

On July 20, 2006, Judge Wanger sentenced Defendant Arnett to be imprisoned for a total term of 1,772  months, consisting of: 109 months on seven counts of Armed Bank Robbery (18 U.S.C. 2113(a) and (d)) (Counts 1, 3, 5, 7, 9, 11, 13) (to be served concurrently with each other); terms of 240 months on seven counts of Use of a Firearm During a Crime of Violence (18 U.S.C. 924(c)(1)) (Counts 2, 4, 6, 8, 10, 12, 14) (to be served consecutively to each other and consecutive to the terms imposed in the odd-numbered counts); the sentence imposed to be served concurrently with the terms imposed in the District of Oregon; Defendant shall receive a 17 month credit for

time served; a $700 special assessment; 60 months supervised release on Counts 1, 3, 5, 7, 8, 11, 13, to be served concurrently; and, $101,859.78 restitution. *See* ECF No. 611; 613 (Judgment and Commitment).

On July 21, 2006, the Court denied Defendant's motion for a new trial (ECF Nos. 561, 610).

On July 25, 2006, Defendant filed a motion for reconsideration (ECF No. 614), which the Court denied (ECF No. 618). On July 26, 2006, Defendant filed a notice and application for the Court to correct his sentence for clear error (ECF No. 616), which the Court denied (ECF No. 625). On July 31, 2006, Defendant filed the following: a notice and application for reconsideration of the Court's order denying his motion to vacate his conviction (ECF No. 619); and, a notice and application for reconsideration of the Court's order denying him 21st century tools (ECF No. 620). On August 4, 2006, the Court rendered orders (ECF Nos. 624, 626, 627) denying a number of Defendant's previous motions, notices, and applications (ECF Nos. 599, 607, 607).

*Sixth Appeal*

On July 31, 2006, Defendant filed a notice of appeal of the judgment and commitment (ECF Nos. 621, 622, "the sixth appeal"). As to this sixth appeal, the Ninth Circuit assigned case number 06-10483 (ECF No. 629). The circuit court ordered Defendant and his counsel to clarify issues related to appointment of counsel (ECF No. 631). Arnett again requested leave to represent himself on appeal, and Arnett's appointed advisory counsel at the FDO moved to withdraw. *See* ECF No. 650. On November 1, 2006, the Court of Appeals for the Ninth Circuit granted counsel's motion to withdraw and Arnett's request to represent himself. *Id.*

On October 30, 2006, Defendant filed a motion to dismiss the indictment based on the government's noncompliance with the speedy trial act (ECF No. 647), which the district court denied (ECF No. 648). On June 14, 2007, the district court dismissed without prejudice Arnett's motion to vacate pursuant to 28 U.S.C. § 2255 as premature (ECF No. 654).

On August 27, 2007, the Court of Appeals for the Ninth Circuit granted the parties' joint motion to remand as to the sixth appeal, Case No. 06-10483 (ECF No. 657). The Ninth Circuit vacated Defendant's sentence, denied the motion to stay the appeal, and remanded to the district court for the purpose of re-sentencing Defendant. *Id.*

The government filed a Rule 35(b) motion for a reduction in sentence on the basis of Petitioner's substantial assistance. On August 30, 2007, Defendant filed a request for an appointment of counsel (ECF No. 658), which the Court granted and added attorney David M. Porter, at the FDO, as Arnett's counsel for all future proceedings (ECF No. 660).

At re-sentencing on September 10, 2007, pursuant to the government's Rule 35(b) motion, Judge Wanger sentenced Defendant Arnett to be imprisoned for 180 months as to each of Counts One through Fourteen, to be served concurrently with each other and concurrent to the 27-month term imposed in Count One of Case No. CR-95-60120-1 in the District of Oregon, and consecutive to the 120 months imposed in Count Two of Case No. CR-95-60120-1 in the District of Oregon—for a total term of imprisonment of 300 months; 60 months supervised release; a $700 special assessment; and, $101,859.78 restitution. *See* ECF No. 664 (Sentencing Minutes), No. 665 (Second Amended Judgment and Commitment).

On January 9, 2009, Defendant filed a notice and a "Motion/Application for a Statement from Court in Respect to Defendant's Placement in a Residential Re-Entry Center" (ECF No. 666), which the Court denied (ECF No. 667).

On July 7, 2009, Defendant filed a notice of motion to amend Defendant's Second Amended Judgment (ECF No. 668), which the government opposed (ECF No. 670). On August 19, 2009, the Court denied Defendant's motion to amend the judgment (ECF No. 673).

*Case Assigned to Judge Lawrence J. O'Neill*

In January 2014, Defendant filed a letter to the Court, and the case was reassigned to the undersigned (ECF No. 675, 676). Finding good cause absent, the Court denied Defendant's request (ECF No. 676). On September 18, 2014, Defendant filed a motion to modify the conditions of his release (ECF No. 677). Where the government was not opposed, the Court modified a condition of release (ECF No. 678). On December 16, 2014, attorney David Porter filed a request to be relieved as counsel (ECF No. 679), which the Court denied as moot (ECF No. 680).

*Seventh Appeal*

On June 26, 2015, Defendant filed a notice of motion and motion to modify his conditions of release (ECF No. 681), which the Court denied (ECF No. 682). On July 20, 2015, Defendant

filed a notice of appeal (ECF No. 683, 685, "the seventh appeal"). He was granted leave to proceed *in forma pauperis* (ECF No. 684, 687). The Ninth Circuit assigned case number 15-10379 (ECF No. 686). On the basis of Arnett's motion for voluntary dismissal, on March 7, 2016, the Ninth Circuit dismissed the seventh appeal (ECF No. 688).

*Before this Court*

On April 8, 2016, Defendant filed the instant "Motion Requesting Court to Hold Evidentiary hearing Compelling Third-Party Rule 35(b) Sentence Reduction" (ECF No. 689), and "Motion to Compel Production of United States Attorney's Office Policies Regarding Third-Party Substantial Assistance Motions" (ECF No. 690). The government filed its Opposition on May 4, 2016 (ECF No. 692), to which Defendant replied on May 23, 2016 (ECF No. 693).

The matter is ripe for review.

## II.    LEGAL STANDARD

A district court "may modify an imposed term of imprisonment to the extent … expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure ["Rule 35(b)"]." 18 U.S.C. § 3582(c)(1)(B). Based on a defendant providing post-sentencing substantial assistance to the government, Rule 35(b) permits courts, upon a motion from the government, to reduce a defendant's sentence. Fed. R. Crim. P. 35(b); *see United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir. 2002).

Rule 35(b) has two enumerated provisions. The first provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Second, Rule 35(b)(2) provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved":

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

12

(C) information the usefulness of which could not reasonably have been anticipated by
the defendant until more than one year after sentencing and which was promptly
provided to the government after its usefulness was reasonably apparent to the
defendant.

Fed. R. Crim. P. 35(b)(2).

Generally summarized, "Rule 35(b) permits a post-sentence reduction *if* the Government so moves and *if* there is substantial assistance." *United States v. Tadio,* 663 F.3d 1042, 1052 (9th Cir. 2011) (citation omitted) (emphasis in original).

## III.   DISCUSSION

Petitioner Arnett requests the Court to (1) compel the government to move for a sentence reduction pursuant to Rule 35(b), *see* ECF No. 689, and to compel production of the United States Attorney's office policies regarding third-party substantial assistance motions, *see* ECF No. 690.

### A.  Hearing

Petitioner requests the Court "Hold [an] Evidentiary Hearing Compelling Third-Party Rule 35(b) Sentence Reduction." ECF No. 689. However, the Court deems the matter appropriate for resolution without an evidentiary hearing. No hearing is required for such motions. *See, e.g., United States v. Vangundy*, 289 F.R.D. 498, 500 (S.D. Cal. 2013) (citing *Tadio,* 663 F.3d 1042)). To this extent, Petitioner's motion is **DENIED**.

### B.  Motion to Compel a Rule 35(b) Motion

Petitioner requests that the Court compel the government to file a Rule 35(b) motion. Turning to the provisions of Rule 35(b)(2),[2] each of its articulated sections refer to a petitioning defendant having provided post-sentencing "information" to the government. Here, however, Petitioner Arnett does not claim to have done this. *See, generally*, ECF No. 689. Rather, he claims to have influenced the cooperation of another defendant in a different case. *Id.* at 5. Petitioner describes "explaining" to another defendant in prison "the difficult … situation [the other defendant] was in," giving that defendant advice about "what the conspiracy laws meant," and opining that the other defendant "would be convicted if he proceeded to trial and would spend the

---

[2] Because any Rule 35(b) motion filed by the government in this case would necessarily occur more than one year after Petitioner's sentencing on September 10, 2007, the Court finds that Rule 35(b)(1) is inapt, and only Rule 35(b)(2) could apply. *See, e.g., Sanchez-Beltran*, 2015 WL 4481556, at *2-4.

rest of his life in prison (unless he fully cooperated with [the government] in the investigation and prosecution)" of the alleged crime in that case. ECF No. 689 at 7:4-10.

Notably absent from this factual scenario is a claim to have provided "information not known to the defendant until one year or more after sentencing." Fed. R. Crim. P. 35(b)(2)(A). Nor does Petitioner allege that within one year of sentencing he provided "information … which did not become useful to the government until more than one year after sentencing." *Id.* at (b)(2)(B). Neither does Petitioner claim that he provided "information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant." *Id.* at (b)(2)(C).

The government in its opposition contends that Arnett did not provide substantial assistance to the government, and "was not working for or acting at the direction of [any involved AUSA]." Gov't Response, ECF No. 692 at 1:25-26. The government characterizes Arnett's actions as "providing assistance to another inmate's defense attorney … for that inmate's own benefit." *Id.* at 1:23-24. The Court gives substantial weight to the government's assessment that Petitioner did not provide substantial assistance under Rule 35(b)(2). *See* U.S.S.G. § 5K1.1, comment (n.3) ("[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."); *see also United States v. Awad,* 371 F.3d 583, 586-87 (9th Cir. 2004) (acknowledging the sentencing court has "wide latitude" to evaluate "the significance and usefulness of the defendant's assistance," but directing sentencing judges "to give substantial weight to the government's evaluation of that assistance" (citing U.S.S.G. MANUAL § 5K1.1, (a)(1), cmt. 3, cmt. background).

The Court concludes that it is fatal to Petitioner's motion that, even accepting Petitioner's facts as true that he held sway over another defendant's decision to cooperate with the government, there is no evidence to indicate that he provided post-sentencing "information," as Rule 35(b)(2) requires. *See* Fed.R.Crim.P. 35(b)(2). There is no basis for compelling the government to file a

14

Rule 35(b) motion where "[a] district court may not grant a Rule 35(b) motion unless a defendant has provided substantial assistance to the government." *Tadio*, 663 F.3d at 1047.

Notwithstanding that fatal flaw, Petitioner also alleges that he is entitled to a compelled motion for a sentence reduction because the government "acted arbitrarily and in bad faith in failing to file a Rule 35(b)(2)(A) motion," ECF No. 689 at 2:9-11. Petitioner is not so entitled. *See, e.g., United States v. Ramirez-Ortiz*, 143 F. Supp. 3d 1062, 1062 (S.D. Cal. 2015). A downward departure for substantial assistance is "never guaranteed." *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003) (citing *Quach*, 302 F.3d at 1103 n.3); *see also Wade v. United States,* 504 U.S. 181, 185 (1992) (The government has "a power, not a duty, to file a motion when a defendant has substantially assisted."). There are bounds to this discretion, and "the government may rightfully decline to file a substantial assistance motion for any reason, so long as its decision is not arbitrary, based on an unconstitutional motive, or made in bad faith. *Leonti*, 326 F.3d at 1119 (citing *Quach,* 302 F.3d at 1103 n. 3; *United States v. Murphy,* 65 F.3d 758, 762 (9th Cir. 1995)).

Moreover, even if a petitioner has provided substantial assistance—though here the Court finds otherwise—that, and "additional but generalized allegations of improper motive," does not entitle him to relief. *Wade,* 504 U.S. at 186. Rather, a petitioner must make a "substantial threshold showing" by stating a claim involving "evidence 'that the Government refused to file a motion for suspect reasons such as his race or his religion,' or that 'the prosecutor's refusal to move was not rationally related to any legitimate Government end.'" *United States v. Treleaven,* 35 F.3d 458, 461 (9th Cir. 1994) (citation omitted). In *Treleaven*, the Ninth Circuit articulated specific examples of a "substantial threshold showing":

> Circuit courts have held that a defendant has made such a showing where the government's refusal to move for a substantial assistance departure was a retaliation for his decision to exercise his constitutional right to a trial, *United States v. Paramo,* 998 F.2d 1212, 1219-20 (3d Cir. 1993), *cert. denied,* 510 U.S. 1121 (1994); where the government's refusal constituted a breach of its plea agreement, *United States v. De La Fuente,* 8 F.3d 1333, 1340 (9th Cir. 1993) (allowing courts to order specific performance in such circumstances); and where the government's refusal was an attempt to ensure a defendant's continued cooperation, despite his presentence cooperation. *United States v. Drown,* 942 F.2d 55, 59 (1st Cir. 1991).

*Id.*

Petitioner makes no such showing. For his efforts undertaking an advisory relationship with the other defendant, Petitioner admits he simply "believed" that the government would file a Rule 35(b) motion. *See* ECF No. 689 at 7:4-10. He concedes that he "was not told" this, and nowhere does he allege that anyone promised him anything for his role influencing the other defendant. *Id.*

As the procedural history shows, the government decided to file a Rule 35(b) motion in 2007 even after Petitioner had exercised his right to trial, and brought various appeals. Petitioner does not allege that the government is retaliating against him for exercising his constitutional right to a trial. *See, e.g., Paramo*, 998 F.2d 1212; *see also Murphy,* 65 F.3d 758, 762-63 (9th Cir. 1995) (finding the district court could not depart from the sentencing guidelines based only on an unproved allegation of retaliation). Also, Petitioner does not allege that the government breached a plea agreement, as in *De La Fuente*, 8 F.3d at 1335. Finally, because Petitioner admits that the government never mentioned a Rule 35(b) motion to him, he concedes that the government could not have used such a motion as incentive to garner his influence with the other defendant. In other words, Petitioner does not allege that the government coerced his cooperation, as in *Drown*, 942 F.2d at 59.

To support his argument that the government makes arbitrary decisions on Rule 35(b) matters, Petitioner attacks the government's 2007 decision to file a Rule 35(b) motion, on the basis of which the Court at re-sentencing imposed a significantly reduced sentence (to 300, down from 1,772 months). Despite the substantial benefit of a 1,472 month reduction in his sentence, Petitioner argues that because the government had previously decided to move for a sentence reduction in 2007, but does not so move in 2016, these different outcomes somehow illustrate that the government's decision-making relative to Rule 35(b) motions is arbitrary.

This argument strains credulity. Petitioner emphasizes that the government's decisions in 2007 and 2016 are both arbitrary, but does not ask to disturb the decision favorable to him. He only asks that the Court second-guess the decision that he does not like. Rather than arbitrary, the Court finds it rational for the government when faced with one set of facts to reach one conclusion, and subsequently, on a different set of facts, to reach a different conclusion. *Cf. United States v. Phillips*, 637 F. App'x 372, 373 (9th Cir. 2016) (finding that "[i]t was rational for the government

16

to conclude that Defendant is not entitled to a further sentencing reduction," when "in the interim," the government learned new facts).

Ultimately, Petitioner's conclusory allegations of an improper motive are insufficient. Petitioner has failed to make a "substantial threshold showing" that the government acted with an improper motive not "rationally related to any legitimate Government end." *Treleaven*, 35 F.3d at 461. Petitioner fails to demonstrate any evidence to establish that the government's refusal to move under Rule 35(b) is based on anything other than "its rational assessment of the cost and benefit that would flow from moving." *Wade*, 504 U.S. at 187; *see, e.g., Sanchez-Beltran v. United States*, No. 07-CV-02098-JF (LHK), 2015 WL 4481556, at *2-4 (N.D. Cal. July 22, 2015) (finding that the petitioner failed to meet his burden to provide any evidence establishing that the government's refusal to move under Rule 35(b) is based on anything other than "its rational assessment of the cost and benefit that would flow from moving," (citing *Wade*, 504 U.S. at 187), and denying the petitioner's motion to compel the government to move under Rule 35(b)); *see also United States v. Samuel*, No. CR 06-295-R, 2008 WL 3978126, at *1 (C.D. Cal. Aug. 27, 2008) ("The Court will not second-guess the government's evaluation of defendant's post-sentencing cooperation when, as is the case here, there is no evidence that the government's decision not to file a Rule 35(b) motion was made arbitrarily or in bad faith.")

In all his arguments that he is entitled to a sentence reduction, apparently lost on Petitioner is the basis for the sentence he is serving: his convictions. Petitioner's convictions are not lost on the Court. Any analysis of the extent of an appropriate sentence reduction made under Rule 35(b) must be made "against the backdrop of a defendant's original sentence." *Tadio*, 663 F.3d at 1053. 2011). Subsequent to a jury trial at which he pled not guilty, the jury found Petitioner Timothy Wayne Arnett guilty of seven counts of Armed Bank Robbery (18 U.S.C. 2113(a) and (d)) (Counts 1, 3, 5, 7, 9, 11, 13); and seven counts of Use of a Firearm During a Crime of Violence (18 U.S.C. 924(c)(1)) (Counts 2, 4, 6, 8, 10, 12, 14); for which he was sentenced to 1,772 months. Upon the government's motion, the Court re-sentenced Arnett to a 300-month term of imprisonment.

The Court declines to compel the government to move for an additional reduction in sentence.

**IV.   CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion to compel the government to move under Rule 35(b) (ECF No. 689) is **DENIED**.

Therefore, **IT IS FURTHER ORDERED** that Petitioners motion to compel production of the United States Attorney's office policies regarding third-party substantial assistance motions (ECF No. 690) is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to **TERMINATE** the Petitioner Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   __July 11, 2016__                    _____/s/ Lawrence J. O'Neill_____
                                                       UNITED STATES CHIEF DISTRICT JUDGE